THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. FRANK E. SAGE.

1. DEPOSITIONS — *Illegal Service of Notice* — "*Process.*" The service of a notice to take depositions upon a station agent of a railway company, who had no authority in or connection with the cause in which the deposition was proposed to be taken, is not a legal nor sufficient notice. Nor is a notice to take depositions " process," within the meaning of chapter 123 of the Laws of 1871.

2. OPINION EVIDENCE — *Error.* It is error to receive the opinion of a witness upon a matter requiring special skill or experience, over an objection, unless it is shown that the witness is qualified to give an opinion.

*Error from Pawnee District Court.*

ACTION by *Sage* against the *Railroad Company* to recover for the loss of a stallion delivered to defendant for shipment. Judgment for plaintiff, February 20, 1889. The company brings the case to this court. The opinion states the material facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error:

1. The court erred in overruling the motion to suppress certain depositions taken without notice to the attorneys for the defendant. The only question to be determined is, whether, under the statutes of this state, the service of the notice to take depositions was sufficient. Section 352 of the code requires the notice to be served upon the adverse party (and of course that can only apply in a case where the adverse party is a natural person), or upon his agent or attorney of record, or left at his usual place of residence. The last clause, however, "left at his usual place of residence," can only apply also in a case where the adverse party is a natural person, because only a natural person can have a usual place of residence. It may be served, however, upon his "agent or attorney of record," but this means, of course, the agent of record or the attorney of record. It does not mean that it may be served upon any agent of the party. That was not the intention of the statute.

It is provided in the same section, that the notice shall be served so as to allow the adverse party sufficient time by the usual route to attend, and one day for preparation. If served upon a station agent, and counting from the time of service, it would almost invariably happen that before the station agent, if he should send it, could get the notice to the attorneys representing the corporation, the time for appearing at the taking of the depositions would have expired. In the case at bar, the attorneys for the corporation were known and had appeared in the suit, and therefore the plaintiff well

knew who were the attorneys of record, and upon whom the service of notice might easily have been made. It is manifest that, irrespective of statute, a station agent, or an ordinary agent of a corporation, has no authority to represent it in a suit or litigation, and therefore has no authority to receive or acknowledge service of a notice concerning a suit, or one which is to be given in a suit.

Section 68a of the civil code provides that—

"Every railroad company or corporation . . . is hereby required to designate some person residing in each county into which its railroad line . . . may or does run, or in which its business is transacted, on whom all process and notices issued by any court of record or justices of the peace of such county may be served."

But it will be seen by this that service upon such agent is limited to "all process and notices issued by the court," and therefore necessarily excludes such notices as are not issued by the court, and which merely the parties to the litigation may give.

In the case of *K. P. Rly. Co. v. Thacher*, 17 Kas. 92, 103, it was held that the service of notice of an attorney's lien could not be made upon a person in charge of the depot in the county where the action is pending, and where such service was made it did not bind the corporation. In that case the court says: "This was not a process or notice to be issued by the court, but was a notice which might be given in the suit."

The attorneys representing the railroad company are the only agents authorized by it to attend to its litigation and to receive notices in or concerning the same, and when such attorneys appear for that corporation, and when it is known from the records of the suit who they are, there can be no reason why the notice to take depositions should not be given to them or served upon them. As it is not the duty of the station agent to attend to such matters or attend to such notices, the defendant should in no wise be bound by any notice given to him. So the depositions objected to were taken without proper or legal notice to the railway company, and its attor-

neys had no opportunity to cross-examine the witnesses whose testimony was taken. The defendant by its attorneys did not appear at the cross-examination of these witnesses, and did not waive service of notice to take depositions. The court, therefore, committed manifest error when it permitted this testimony; which was taken without opportunity of cross-examination, to be read against the defendant.

2. The court erred in the admission of certain evidence. In the deposition of Alfred Newman, taken without proper notice, as we have shown, it appeared that he was the darkey who took the horse from the livery stable to the freight depot to be shipped, and claiming to be an expert in all matters, as those of his class are apt to, testified, over the objection of the defendant, as follows:

"Ques. State whether or not it would be proper to ship a horse in a car in the condition in which you left the car in which this horse was shipped, in hot weather. A. It would not be proper."

This interrogatory and answer were objected to as incompetent, and the objection was overruled by the court, and excepted to by the defendant. Now, if there was any fact to be left to the determination of the jury as to whether the railroad company used a proper car or not, or used proper care with reference to the car, that was not a matter for expert testimony; it was a conclusion which the jury should draw from the evidence, and was not a conclusion which any witness could draw. If this witness could testify as to that matter, it would be no difficult matter to pick up from the streets any number of witnesses who would be willing to testify as experts in reference to the same subject. Expert testimony is unreliable enough, even in those cases in which it may be used, to justify an extension of the rule. Similar questions were held improper by this court in *K. P. Rly. Co. v. Peavey*, 29 Kas. 170; see also pp. 177, 178, and 179. Such evidence could be of no value whatever in this case, for it appeared that it was a common and customary thing to use a box car in the shipment of a single animal.

*N. B. Freeland,* for defendant in error:

Can a party in a case serve notice to take depositions on the station agent of a railroad company? The plaintiff in error says that it cannot, because this court (17 Kas. 92) has said that notice of an attorney's lien cannot be so served. We think there is a very marked distinction between the two notices. The notice of an attorney's lien is not a "process" in the case strictly so called. It is a notice after judgment, affecting different persons than the parties litigant, while "process" in the case, it seems to us, must include all papers (process) after the petition and until the judgment is final and at rest; and this view includes a notice to take a deposition, and does not include a notice of claim of attorney's lien after judgment.

If notice to take a deposition for the trial of a case is not "process," then what is it? The affidavit filed in relation to the matter is wholly immaterial. The railroad company, by its regulations, cannot change the law nor its application. The word "party" as used in the statute cannot mean a natural person. A railroad company is as much a party to a suit as its individual adversary. It is as much a person in law as a natural person. Again, a party does not have an "agent" exclusively in the scope of its (or his) lawsuit. "Agent," so used, means just what the necessities in this class of cases contemplate—the agents of corporations—station agents. Why not all "process," as the statutes declare? The contention of counsel for plaintiff in error, that the word "process" means only such process as is "issued by the court," seems idle and almost trifling, for in ordinary lawsuits, such as this, there is no process issued by the court in the sense of plaintiff's contention. The court is the organized body, consisting of judge, clerk, sheriff, and counsel. The meaning of the statute evidently is, any process issued by any officer of the court. The clerk, who issues most of the process, is no more the court than is the attorney who issues the notice to take a deposition.

The plaintiff in error complains of the admission of im-

proper testimony.   The question was, "Was it proper to ship a horse in a car (that was) in the condition in which you left the car this horse was in in hot weather?"   The question re-lates to the condtion of the car, it being shut up entirely. Now, if the jury believed the horse was shut up as this wit-ness had stated, it was a fact established by those antecedent conditions that it was an improper way to ship the horse, and the opinion of the witness, expert as a shipper or not, was immaterial, and not error because not material.   The jury had the facts in the previous statement of the witness. Had the facts been withheld, and the witness given an opinion evolved from his own mind alone, the jury not knowing the facts on which the witness's opinion rested, it might be dif-ferent.

The opinion of the court was delivered by

JOHNSTON, J.: Frank E. Sage brought an action in the district court of Pawnee county against the railroad company to recover damages for the loss of a stallion that was shipped by him from Kansas City, Mo., to Larned, Kas., and which is alleged to have died from injuries inflicted by the railroad company.   It is alleged that the animal was a four-year-old thoroughbred stallion, of the value of $2,000, and it was de-livered to the railroad company for shipment over its line on May 10, 1887, under an ordinary stock contract, which re-quired the safe transportation and delivery of the animal at Larned, Kas.; but it is averred that the animal was stowed away in an ordinary box car, which was closed up in such a way that the animal became partially suffocated and unable to stand steadily upon his feet, and thereby was plunged and thrown against the sides and ends of the car in which he was being transported, and thereby bruised and injured, from which injuries he died before he was delivered to the owner. At the trial the jury found that the company had failed to furnish a proper car for the transportation of the animal, and in failing to properly ventilate the car which was furnished. ·

34— 49 KAS.

By their general verdict, they awarded damages to the plaintiff below in the sum of $1,340.46.

The railroad company complains, and first assigns as error the overruling of a motion to suppress certain depositions which are alleged to have been taken without legal notice to the company. The depositions of three important witnesses, who testified with reference to the condition of the horse at the time the shipment was made, were taken in Kansas City, upon a notice served upon the station agent at Larned, Kas. It was shown that the agent upon whom the notice was served had no authority from the defendant to receive or accept notice of the taking of depositions, nor to receive or accept service of any notice in any case pending, except such authority as is conferred by the statutes of the state. The notice given does not comply with the requirements of the code, and is not sufficient. Section 352 of the code provides that —

"Prior to the taking of any deposition, . . . a written notice . . . shall be served upon the adverse party, his agent or attorney of record, or left at his usual place of residence. The notice shall be served so as to allow the adverse party sufficient time, by the usual route of travel, to attend, and one day for preparation, exclusive of Sunday and the day of service."

This statute provides for a notice to be served upon the adverse party, where such party is a natural person, or upon his "agent or attorney of record." It manifestly does not contemplate that it may be served upon any attorney or any agent of a party who may be found in any part of the state, and who may have no connection with the litigation, but it evidently must be served upon some one authorized to represent the adverse party in the action, as shown by the record. It surely does not mean an agent living in a remote part of the state, who has been employed for another purpose, who has no knowledge of or authority in the case, and who could not in many instances, under the limited time prescribed by the statute, communicate with the adverse party, so that he might have sufficient time for preparation, and to attend upon

the taking of the deposition. The right to make service of the taking of a deposition upon a station agent seems to be based largely upon § 68*a* of the code of civil procedure, which provides that "every railroad company or corporation . . . is hereby required to designate some person residing in each county into which its railroad line . . . may or does run, or in which its business is transacted, on whom all process and notices, issued by any court of record or justice of the peace of such county, may be served." And § 68*c* provides that if such corporation fails to designate some person in the manner prescribed, that then "such process" may be served upon any freight agent, ticket agent or station keeper of the corporation in the county.

It is contended that a notice to take depositions is a process or notice, within the meaning of the foregoing provisions. It will be observed, however, that service upon such agents is limited to "all process and notices *issued by any court*," and as a notice to take depositions is not issued by or from the court, it is not governed by this provision. That such a notice is not process within the meaning of the statute last quoted, and that a notice upon the agent of the corporation is insufficient, was long ago determined, in *Railway Co. v. Thacher*, 17 Kas. 92. It was there held that the notice of an attorney's lien could not be made upon a person in charge of the depot in the county where the action was pending, and that a service made upon such person was not binding upon the company. It was decided that the statute relating to the service of process upon the agents of railroad and stage corporations "applies only to process strictly so called, or at least does not apply to notices like the one in question, a notice prepared and served by the party, and not issued by or upon the order or at the instance of the court. There is therefore no statute authorizing the service of such a notice upon this agent of the corporation, and it is not a matter at all within the scope of his duties. Hence, neither by statute nor upon general principles is the corporation bound by the notice thus given." So, here, the notice to take depositions is not a process or notice to be

issued by the court; and hence the company was not legally ·served with notice, and the court committed error in permitting the testimony which was taken without the presence of counsel for the company and without opportunity of cross-examination to be read in evidence.

Only one other matter requires consideration. A witness was asked whether the car furnished by the company was in a proper condition to ship a horse· in hot weather, and over the objection of the defendant he was permitted to answer that the car was not a proper one for the safe transportation of the animal. In the opinion of the writer, the question whether the car was in a proper condition was one to be determined by the jury, which required no special training or experience to decide, and hence the opinion of the witness was inadmissible. The practice of shipping animals by rail is so common, and the kind of cars used and necessary for their safe shipment is so generally known, that the opinion of an expert as to what constitutes a proper car for such purpose is not needed. All the facts about the condition of the car upon which the opinion of the witness was founded could be made intelligible to the jury, so that they could draw a correct conclusion as readily as the witness. But if the question was one which required special study, knowledge, and skill, and upon which the opinion of an expert was admissible, the testimony of this witness should not have been received. He had not shown himself to be competent, or to have any special skill or experience with reference to the shipment of animals. He was an ordinary employé of a livery stable in Kansas City, and although he stated that he was an expert in the matter, no testimony was offered of any experience or training which would make his opinion of any value as to the condition of the cars in which stock might be safely shipped.

For the admission of improper testimony upon material issues, there must be another trial of the cause. The judgment of the district court will therefore be reversed, and the cause remanded for a new trial.

All the Justices concurring.