## ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY V. JAMES G. MEEK ET AL.

### FILED OCTOBER 7, 1896. No. 6806.

1. **Depositions: NOTICE.** Section 378, Code of Civil Procedure, requires notice of the taking of depositions (unless taken under a special commission) to be served upon the adverse party, his agent or attorney of record, or left at his usual place of residence.

2. ——: ——: **SERVICE ON STATION AGENT.** Service in such case upon a station agent, who is not the attorney of record of the adverse party, a railroad company, whose employment in nowise relates to the particular controversy, and who is without authority to accept or waive service in its behalf in any suit or proceeding to which it may be a party, does not satisfy the requirement of the statute. (*Atchison, T. & S. F. R. Co. v. Sage*, 49 Kan., 524.)

ERROR from the district court of Nuckolls county. Tried below before MORRIS, J.

*A. A. Hurd, Searle & Coleman, G. R. Peck*, and *W. Littlefield*, for plaintiff in error.

*Buck & McConnell, contra.*

References: *Porter v. Chicago & N. R. Co.*, 1 Neb., 15; *Chicago, B. & Q. R. Co. v. Manning*, 23 Neb., 552; *Katzenstein v. Raleigh & G. R. Co.*, 78 N. Car., 286.

POST, C. J.

This is a petition in error and brings up for review a judgment of the district court for Nuckolls county whereby the defendants in error, as plaintiffs below, were permitted to recover on account of the imputed negligence of the plaintiff in error, defendant below, as a common carrier while engaged in transporting certain cattle from Osceola, in the territory of New Mexico, to Superior, in this state, whereby certain of said cattle were killed and others permitted to escape. The answer contains a denial of the negligence charged and an allegation that

for a valuable and sufficient consideration the plaintiffs below executed certain agreements, in writing, the effect of which was to limit the liability of the defendant railroad company as a common carrier, and whereby the said plaintiffs expressly assumed all risk of damage on account of the loss or escape of said cattle from any cause whatever, except the willful acts of the defendant's agents or servants. The reply is a general denial of the allegations of the answer.

Of the several questions raised by the assignments of error and discussed by counsel for the respective parties we shall, for reasons hereafter appearing, notice one only, viz., that relating to the refusal of the district court to suppress the deposition of Samuel S. Rogers, taken at Wilcox, in the territory of Arizona, and the subsequent admission in evidence of said deposition over the objection of the defendant company. The materiality of such evidence to the issues presented is apparent from the fact that the witness above named superintended the assorting and loading of the cattle in question, some twenty cars in all, and testified to their age, condition, and value at the time and place of shipment. He also accompanied one consignment of said cattle from New Mexico to their destination at Superior, and testified to certain acts by the servants of the defendant company while *en route* now relied upon to sustain the allegation of negligence. The ground of the objection to said deposition is that the only notice of the taking thereof was served upon one Taylor, the defendant's station agent at Superior, who was not the agent or attorney of record of the defendant company within the meaning of section 378 of the Code of Civil Procedure, and was not at the date of such service authorized to accept or waive service of any notice whatever in said cause, or in any suit or action in which said defendant was or might be a party. There was, it should be observed, no appearance by the defendant at the taking of said deposition, and no waiver in its behalf of the notice prescribed by law. The question, therefore, dis-

tinctly presented by this record is the sufficiency of the service so made. We here quote section 378, above referred to, adopting the punctuation employed in the Revised Statutes of 1866 and the General Statutes of 1873, rather than that of the Compiled Statutes, in which a comma has by the compiler or compositor been inserted after the word "agent": "Prior to the taking of any deposition, unless taken under a special commission, a written notice, specifying the action or proceeding, the name of the court or tribunal in which it is to be used, and the time and place of taking the same, shall be served upon the adverse party, his agent or attorney of record, or left at his usual place of abode," etc. (Revised Statutes, 1866, p. 456, sec. 378; General Statutes, 1873, p. 588, sec. 369.) The authority to use depositions rests, in this state, altogether upon the statute, and a substantial compliance therewith is essential to their validity as evidence. (*Cool v. Roche*, 15 Neb., 25.) By the phrase "agent or attorney of record" is not meant any representative of the party to be served, without regard to the nature or scope of his authority. The section quoted, on the contrary, evidently contemplates personal service upon the adverse party or his representative for the purpose of the particular action or proceeding. The precise question here involved was presented in *Atchison, T. & S. F. R. Co. v. Sage*, 49 Kan., 524, a well considered case under a statute in all respects identical with ours, and the reasons therein stated for the conclusion adverse to the ruling now complained of are so entirely satisfactory that we here quote from the opinion of Johnston, J., who said, referring to the provision under consideration: "This statute provides for a notice to be served upon the adverse party where such party is a natural person, or upon 'his agent or attorney of record.' It manifestly does not contemplate that it may be served upon any attorney or any agent of a party who may be found in any part of the state, and who may have no connection with the litigation, but it evidently must be served upon some one authorized to represent the adverse

party in the action, as shown by the record. It surely does not mean an agent living in a remote part of the state, who has been employed for another purpose, who has no knowledge of, or authority in, the case, and who could not, in many instances, under the limited time prescribed by the statute, communicate with the adverse party, so that he might have sufficient time for preparation and to attend upon the taking of the deposition."

An argument in favor of the sufficiency of the service in this case is predicated upon the assumed analogy of the notice prescribed for the taking of depositions to the original summons; but that argument is without force in view of section 73 of the Code, authorizing service of summons against a corporation "upon the president * * * or other chief officer; or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent," etc. Section 68a of the Kansas Civil Code provides: "Every railroad company or corporation * * * is hereby required to designate some person residing in each county into which its railroad line * * * may or does run, or in which its business is transacted, on whom all process and notices issued by any court of record, or justices of the peace of such county, may be served;" while another section provides that if any railroad company shall fail to designate some person in the manner and for the purpose prescribed, such process may be served upon any freight agent, ticket agent, or station-keeper of such corporation in the county. It was in *Atchison, T. & S. F. R. Co. v. Sage, supra*, held that notice of the taking of depositions is not a process issued by the court, and, therefore, not within the letter or spirit of the Code. We have been referred to no statute which can be invoked to sustain the ruling assigned, and our examination of the subject has failed to disclose any authority for the service of the notice in question upon the defendant's station agent. It follows that the district court erred in refusing to suppress the deposition mentioned, and in receiving the testimony of the witness therein named over

the objection of the defendant company, for which the judgment must be reversed and the cause remanded.

REVERSED

RAGAN, C., not sitting.