## NU-WAY LAUNDRY v. WILSON et al.

No. 24089.    Oct. 3, 1933.

Evert M. Crismore, for petitioner.

Murrah & Bohanon, for respondent.

CULLISON, V. C. J. This is an original proceeding to review an award of the State Industrial Commission rendered on August 25, 1932, in favor of Bertie Wilson, claimant.

The record discloses that claimant was in the employ of petitioner at the time of receiving the alleged injury on February 20, 1932, and continued to do her regular work until March 12, 1932, receiving her regular wages therefor. Claimant ceased working March 12 (1932), and was paid compensation from March 19 to June 11, 1932, so that she was paid her regular wages or

150

compensation from February 20 to June 11, 1932.

A hearing was had in said cause, and the Commission rendered an award ordering petitioner to pay claimant compensation at the rate of $8 per week from February 20, 1932, less the five-day waiting period, to August 24, 1932; and thereafter, at the same rate, not to exceed 300 weeks, or until otherwise ordered by the Commission.

Petitioner contends that said award is erroneous because it orders petitioner to pay compensation which had been paid.

Under the facts as stated, supra, we observe that claimant did not cease working for some considerable time after receiving the alleged injury, and during said time she received her regular wages for working. There is no law to permit claimant to receive compensation for this period of time during which she continued to work and receive wages for her employment. So long as she continued to work and receive her regular wages there was no compensation due for said period of time.

The record further discloses that claimant was paid compensation by petitioner from March 19th until June 11th, which was compensation from the date compensation was first due up until June 11th.

The award complained of by petitioner orders petitioner to pay compensation to claimant over the entire period enumerated, supra, so that under the terms of the award petitioner is ordered to pay compensation to claimant from the date of the injury, February 20, 1932, to and including June 11, 1932, when in fact petitioner had paid claimant for said time.

We observe that said award required petitioner to pay double compensation over said period of time.

There is no provision in the Compensation Law for such a condition, and to that extent the award is erroneous.

Petitioner next contends that the Commission should have permitted it to reopen said cause and proceed farther therein before the Industrial Commission, and that the refusal of the Commission to so do was error.

The record discloses that the award was rendered on August 25, 1932. On September 14, 1932, petitioner filed a petition for a rehearing and to reopen said cause, under the rules promulgated by the State Industrial Commission, and more particularly rule 30 thereof, prescribing rules and regulations for rehearing upon an award rendered by the Commission; said rule provides that the party may file a petition for rehearing within 15 days from the date of said award.

This rule became effective July 1, 1931.

The previous rule 30, allowing 10 days to file an application for rehearing, was passed on by this court in the case of Oklahoma Pipe Line Co. v. State Industrial Commission et al., 149 Okla. 162, 299 P. 180, wherein the court held:

"The State Industrial Commission has jurisdiction to review its award or decision upon its own motion or upon the application of any party affected and to vacate and set aside an award or decision at any time within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected. In the absence of a change in conditions, such jurisdiction ceases at the expiration of that time. Rule 30 of the State Industrial Commission, limiting the time for the filing of a petition for rehearing to ten days from the date of the award or decision, is in conflict therewith, and is ineffective and void."

In the body of the opinion, the court said:

"Under those and other decisions of this court to the same effect, the State Industrial Commission has no jurisdiction to vacate, modify, or change an award after the expiration of 30 days from the date of sending a copy of the award to the interested parties by the Commission, except upon the ground of change in conditions as provided by section 7296, C. O. S. 1921. The State Industrial Commission has jurisdiction to vacate, modify, or change an award or decision, whether for change in conditions or otherwise, and that jurisdiction continues for a period of 30 days from the date of the sending of a copy of the award to the interested parties by the Commission. The State Industrial Commission has continuing jurisdiction under section 7296, Id., to review an award and to make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided for in the act, on the ground of change in conditions, at any time, and is not limited to 30 days. Where there has been no change in conditions, it has the same jurisdiction, except that its jurisdiction is limited to 30 days from the date the copy of the award or decision has been sent by the Commission to the parties affected. Section 7297, C. O. S. 1921. * * *

"This court is of the opinion that rule 30, adopted by the State Industrial Commission under the authority granted by the provisions of section 7318, C. O. S. 1921, ror the purpose of carrying into effect the provisions

of the act, is inconsistent with the terms of the act and ineffective and void in so far as it deprives the State Industrial Commission of jurisdiction granted to it by the statutes. While it may make rules, those rules may not be such as to deprive itself of the jurisdiction lawfully conferred upon it."

The old rule 30 allowed ten days to file for rehearing and was held void because it was an attempt to deprive the Commission of jurisdiction lawfully conferred upon it.

The same reasoning would apply to the rule under consideration wherein the Commission allowed 15 days to file an application for rehearing.

Under the law an award or order made by the Commission does not become final until 30 days after the rendering thereof, and during said period of time the Commission has jurisdiction to change, modify, or set aside said order.

At the end of the 30-day period the order becomes final unless proceedings are instituted in the Supreme Court to review the same.

However, the Commission retains jurisdiction to modify or vacate an award where there has been a change in condition.

It should also be borne in mind that the filing of an application for rehearing in no way extends the time to institute a proceeding in the Supreme Court, neither does it stay the operation of the statute making the award or order final upon the expiration of 30 days.

The petition to vacate is granted. The award is vacated, with directions to the State Industrial Commission to proceed in accordance with this opinion.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.