## NUWAY LAUNDRY CO. v. TRICE et al.

### No. 27771.    April 19, 1938.

Fred P. Schonwald, for petitioner.

Maurice Speers, for respondent Mary A. Trice.

Mac Q. Williamson, Atty. Gen., for State Industrial Commission.

BAYLESS, V. C. J.    Mary A. Trice filed a claim with the State Industrial Commission to obtain compensation from Nuway Laundry Company, her employer, on account of an accidental personal injury sustained November 9, 1936. Thereafter, the employer filed an answer wherein it (1) denied that she sustained any accidental personal injuries while in the employment; (2) alleged that if she did sustain any such injuries, she had fully recovered therefrom, and is not suffering any disability either temporary or permanent; and (3) alleged that the claimant did not within 30 days after the date of the injury notify the commission of such injury as required by section 13358. O. S. 1931. Upon hearing, the claimant introduced evidence in support of her claim, including medical testimony as to the nature and extent of her injury and resulting disability. The employer introduced medical testimony to controvert the claim for any disability. The commission made an award in favor of the claimant for a percentage of partial disability to the right hand, and the employer has petitioned this court for a review of the award.

The first contention is that the amount of the award is contrary to law and is not supported by the evidence. Petitioner cites in support thereof Nuway Laundry v. Wilson, 165 Okla. 149, 25 P.2d 657. In the case before us the injured employee re-

turned to work within the five-day waiting period and lost no compensable time as the result of the injury, but she did sustain a degree of partial permanent disability to a specific member, which is compensable under the schedule of benefits provided by the Workmen's Compensation Act. The loss of time or wage-earning ability plays no part in such an award. In the case above cited the injury was one falling under the "other cases" provision of section 13356, O. S. 1931, which depends altogether upon a determination of the loss of earning ability as one of the elements.

The second contention is that the commission's award is contrary to law for the reason that notice of the injury was not given within 30 days as required by statute, nor was the failure to give such notice excused, and as a result thereof the commission was without jurisdiction to enter an award.

Section 13358, O. S. 1931, requires the injured employee to give notice in writing to the commission and to the employer within 30 days after the injury, with the further provision that unless excused by the commission, the failure to give such notice shall be a bar to a claim. Petitioner relies upon the case of Greer County Gins v. Dunnington, 166 Okla. 302, 27 P.2d 630, wherein it is held that:

"* * * When the failure to give such notice is made an issue by the pleadings, and the evidence is given with relation to such issue, it is the duty of the State Industrial Commission to make a specific finding upon such issue in order that this court on appeal may know what it intended to find with reference thereto and to judge the record accordingly."

The claimant relies upon the opinion of this court in the case of Protho v. Nette, 173 Okla. 114, 46 P.2d 942, wherein it is said:

"Where the undisputed evidence shows that the employer received actual notice of the injury within the said 30 days, and the employer offers no proof that he was prejudiced by the failure to give the statutory written notice, then no finding by the commission on the question of notice is necessary."

In the record before us, by the written admissions of the petitioner, it is clear that it had actual notice of the injury within a few minutes after its happening, that the petitioner furnished the injured employee medical attention, and had all of the actual notice and opportunity to perform its obligations under the law to the employee that it could have had by written notice. Under many decisions of the court, where the employer has actual notice and no written notice has been given, the burden of proof shifts to the employer to show that prejudice resulted to it as the result of the failure to give such written notice. In this case the injured employee proved that the employer had such actual notice, and although the burden of proof thereupon shifted to the employer, the employer wholly failed to meet this burden and did not introduce any evidence upon the point. Under the circumstances there was no other finding the commission could make, although as a matter of fact it made no finding on this point at all. In our opinion, the opinion in Protho v. Nette, supra, really is stated more broadly than is proper. When the issue of the failure to give notice is made, the commission must make a finding within the purview of section 13358, supra, in order to sustain its jurisdiction to make an award in the premises. But where the employer wholly fails to meet the issue presented by failing to introduce any evidence when the burden of proof shifts to him, the failure of the commission to make a finding excusing the failure to give notice is immaterial. If we acceded to the employer's contention and reversed the matter, it would be merely for the purpose of enabling the commission to amend its award accordingly, and this we will not do. To do otherwise would result in this: The employer could tender the issue of failure to give notice and require the employee to make a showing sufficient to shift the burden of proof; and the employer could, by failing to introduce any evidence to controvert the showing made, gamble upon the commission inadvertently or otherwise failing to make a finding on the issue, and could thereby procure a reversal of an award otherwise wholly proper. To our minds this would be carrying a technicality too far. We are not in any manner lessening the obligation which rests upon the commission to make this finding, but when no showing of prejudice is made to controvert the failure to give notice, and no showing is made of prejudice arising from failure to make the finding, we will treat the failure to make such finding as harmless.

The award is affirmed.

RILEY, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, C. J., and WELCH, J., absent.