MASSACHUSETTS BONDING & INS. CO. et al. v. SATTERFIELD et al.

No. 29837. Nov. 12, 1940.

*108 P. 2d 218.*

Wesley M. Langdon, of Tulsa, for petitioners.

Williams, Teague & Williams, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by H. F. Wilcox Oil & Gas Company, hereinafter referred to as petitioner, and its insurance carrier, to obtain a review of an award which was made by a trial commissioner of the State Industrial Commission in favor of Homer O. Satterfield, hereinafter referred to as respondent.

The employment and the injury are not involved here. The sole issues urged are that the findings of the average weekly wage and the lack of prejudice by reason of failure to give statutory written notice are contrary to law. It is first urged that, since the respondent had been in the employ of the petitioner for only a week prior to his injury, his average weekly wage had to be ascertained in the manner provided by subdivisions 3 and 4 of section 13355, O.S. 1931, 85 Okla. St. Ann. § 21, subds. 3 and 4. This contention cannot be sustained. The average annual earnings of an employee in compensation proceedings and his weekly wage are to be determined in the manner provided by section 13355, O.S. 1931, 85 Okla. St. Ann. § 21; Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P. 2d 891. Resort is to be had to the provisions of the statute in their order, and it is only where the average annual earnings of the employee cannot be reasonably and fairly ascertained either under subdivision 1 or 2 that subdivision 3 is to be employed. The respondent submitted evidence without objection which was sufficient to sustain the application by the commission of subdivisions 2 and 4 of the statute, supra, while had the formula been accurately followed it would have resulted in a slightly higher average weekly wage and slightly higher compensation in favor of the respondent. This is an error of which the petitioner is not entitled to complain. See Westgate Oil Co. v. Mathews, 176 Okla. 346, 55 P. 2d 1043.

The final contention of the petitioner, which is that the evidence did not justify the act of the commission in excusing the failure of the respondent to give the statutory notice of his injury, is wholly without merit. The record shows that the petitioner filed employer's first notice of injury with the State Industrial Commission within 17 days after the alleged injury occurred, and therein stated that the respondent had been injured and had been given medical attention by the petitioner ten days thereafter. Under such circumstances the finding of the commission that the petitioner had not been prejudiced by such failure was fully supported by the evidence in the record. The award is not erroneous as a matter of law.

Award sustained.

OSBORN, GIBSON, HURST, DAVISON, and NEFF, JJ., concur.