PINE v. DAVIS et al.

No. 31077. Feb. 1, 1944.

Withdrawn, Corrected and Refiled
and Rehearing Denied
Oct. 17, 1944.

*152 P. 2d 590.*

Hiatt & Hannigan, of Okmulgee, for petitioner.

Hugh M. Sandlin, of Holdenville, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an original action in this court instituted by W. B. Pine, and upon his death revived in the name of the administrator of his estate, hereinafter referred to as petitioner, to review an award of a trial commissioner of the State Industrial Commission entered on July 27, 1942, in favor of A. C. Davis, hereinafter referred to as respondent.

On May 26, 1942, respondent filed with the State Industrial Commission his first notice of injury and claim for compensation in which he alleged that he had sustained an accidental injury on December 23, 1941, which had resulted in a right inguinal hernia. In the answer filed by petitioner it was denied that respondent had sustained an accidental personal injury while in the employ of petitioner, and it was alleged that petitioner was not given notice of the alleged injury, as required by 85 O. S. 1941 § 24, and was prejudiced by the failure to give such notice.

The evidence discloses that at the time of the alleged accidental injury to respondent, it was the rule of petitioner that employees were required to make written daily reports of the work performed and of any accident that may have been sustained on the particular day, and that on December 23, 1941, respondent made a report to petitioner, in writing, in which, after detailing the duties which he had performed on said date, he added in a space provided for reporting accidents the following: "I had an accident working on a band wheel." The finding of the trial commissioner with respect to the notice was that "the claimant gave the respondent due notice of said accidental injury within the time and in the manner provided by law." It is urged here that the finding was erroneous and that the notice is wholly insufficient to comply with the requirement of 85 O. S. 1941 § 24 that the notice state the time, place, nature, and cause of the injury. The object of the notice is to give the employer opportunity to make timely investigation of the circumstances of the alleged accident and to determine whether or not the claimant was entitled to claim the benefit of the Workmen's Compensation Law and that said employer might seek witnesses who were present or near the place of the accidental injury and from whom he might learn whether

or not the injury arose out of and in the course of the employment. It is required that the cause of injury must be shown in order that it might be determined whether the injury was caused by the hazardous employment or by some other fact or circumstance independent of the employment. Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038, 78 A. L. R. 1227; Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100; Amerada Petroleum Corp. v. Lovelace, 184 Okla. 140, 85 P. 2d 407. We are of the view that the notice involved herein is insufficient to comply with the requirements of the statute. The notice purports to inform the employer that the employee had an accident, but no notice is given to said employer that the said accident resulted in any personal injury to the employee, and thus does not direct the attention of the employer to the necessity for investigation, nor was same served on the Industrial Commission, as required by statute. We therefore hold that the trial commissioner erred in finding that due notice of an accidental injury was given within the time and in the manner provided by law.

Under the provisions of section 24, supra, the failure to give the statutory written notice is a bar to any claim under the Workmen's Compensation Law, unless excused by the commission on the ground that notice for some sufficient reason could not have been given or on the ground that the insurance carrier or employer, as the case may be, had not been prejudiced thereby. There is evidence in the record to the effect that the employer had actual notice of the injury and therefore was not prejudiced by failure to give the written notice required by section 24, supra. Whether an employer has been prejudiced by failure to give the statutory notice is a question of fact for the determination of the State Industrial Commission. Massachusetts Bonding & Ins. Co. v. Satterfield, 188 Okla. 154, 108 P. 2d 218. Where failure to give written notice of an injury is made an issue in a proceeding for compensation, under the Workmen's Compensation Law, it is the duty of the State Industrial Commission to hear the evidence offered by the parties and make a finding either excusing the failure to give said notice in writing upon one or both of the grounds authorized by section 24, supra, or refusing to excuse such failure, as the facts may warrant, and where there is any evidence reasonably tending to support such a finding, the same is binding on this court. Horton v. State Industrial Commission, 184 Okla. 145, 85 P. 2d 413; Dover Oil Co. v. Bellmyer, 163 Okla. 51, 20 P. 2d 556.

Herein the commission's finding that due notice of said accidental injury, within the time and in the manner provided by law, had been given was erroneous, and it thereupon became its duty to make a finding as to whether or not such notice could be given, or whether or not the employer or insurance carrier had been prejudiced thereby. The record herein discloses that not only did the employer receive the daily written report containing a notice of the happening of an accident to claimant, but also that the claimant testified that the next day after said accident he told the foreman of the occurrence thereof. The foreman admitted in his testimony that the claimant told him of said accident, but did not state that such information was given to him within 30 days, and finally he testified that he did not think such information was given to him within 30 days. His testimony, in this respect, is very vague and indefinite. The finding of the commission that due notice had been given, under the facts of this case, is tantamount to a finding by the commission that the employer was not prejudiced by the failure to give the statutory notice, for the finding of "due notice" is a negative finding that the employer was not prejudiced by such omission. We shall therefore so treat the finding of the commission, since the error is one of form rather than substance, and there being substantial evidence supporting the same, said finding will not be disturbed.

It is contended that the motion to suppress the depositions herein was in writing, and was filed before the parties announced ready for trial, and that, since the notice of the taking of said depositions was mailed to attorneys for petitioner instead of being personally served, the depositions should have been suppressed.

The transcript from the Industrial Commission has been amended, and it now appears therefrom that said motion was in writing and was filed before the announcement of ready for trial.

The statute (12 O. S. 1941 § 439) provides that written notice to take depositions "shall be served upon the adverse party, his agent or attorney of record, or left at his usual place of business or residence." Attention is directed also to 12 O. S. 1941 § 1114, under the chapter "Miscellaneous Proceedings" providing:

"The service of a notice shall be made in the manner required by law for the service of a summons; . . . ."

Reliance is placed upon the cases of Bernath v. Kolosky, 82 Okla. 190, 200 P. 147, and Ensley v. State, 4 Okla. Cr. 49, 109 P. 250. Neither of these cases is directly in point and none is cited. In the Kolosky Case, the above statute (§ 1114) was applied, for the reason that no special method of serving the notice was provided by the particular statute. That statute could have no application herein, for the statute relating to taking deposition provides that the notice *may* be served upon the *party*, or *his agent*, or *his attorney*, or may be left at his *place of business* or *at his residence*.

It is manifest the lawmakers were endeavoring to create a simple statutory right to relieve the parties of the cumbersome procedure of applying to the court for a commission to take depositions, and in creating the right, they sought to safeguard it by requiring that the opposite party be given an opportunity to attend the taking and to cross-examine the witnesses. It is not contended herein that notice was not received by the attorneys in ample time to enable them to be present, nor is there any contention that any prejudice resulted other than the violation of the technical right, on which they insist, of having the notice handed to them personally. They do not contend they desired to be present, or that they were in anywise prevented or deterred from being present by the receipt of the notice by mail.

It was long ago determined by Kansas, from which state our present statute came by specific adoption, that notice to take depositions did not constitute "process" within the meaning of the Code. Kansas Pacific Railway Co. v. Thatcher, 17 Kan. 92; Atchison, T. & S. F. Ry. Co. v. Sage, 49 Kan. 524, 31 P. 140. The statute, being procedural and in derogation of the common law, should be liberally construed to effect its object and to promote justice. (25 O. S. 1941 § 29; 12 O. S. 1941 § 2.) Colvert Ice Cream & Dairy Prod. Co. v. Citrus Prod. Co., 179 Okla. 285, 65 P. 2d 455.

As was said in Bailey Lbr. Co. v. General Const. Co., 101 W. Va. 567, 133 S.E. 135:

"Where a statute directs that a notice in writing shall be given, but prescribes no method of service, it is ordinarily sufficient to show that the party to be noticed actually received written notice. The means or method by which he actually received it are unimportant."

While the error alleged is the failure of the commissioner to suppress the depositions, the real error to be considered is the error, if any, in permitting the introduction of said depositions in evidence in view of the failure to give notice of the taking thereof in any manner other than by mail. The petitioner had actual notice and ample opportunity to be present; in fact, he does not contend otherwise. We therefore hold that the service of notice herein was sufficient.

Award sustained.

CORN, C. J., and HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J..

concurs specially. GIBSON, V.C.J., and BAYLESS and WELCH, JJ., concur in part but dissent to syllabus 2.

RILEY, J. (concurring specially). I find the notice given the employer sufficient as a jurisdictional prerequisite. It showed, by the report attached, the time, place, and manner of the accident. It was accepted by the employer without objection as to sufficiency. No objection could reasonably be made as to the notice, except as to the extent of the injury. The extent of the injury was not known at that time. The injury was not known to have developed into a hernia until some weeks after the accident. The omitted information, otherwise required by the statute, would have been negative.

The opinion finds the commission's finding as to notice erroneous. There was some evidence to support it. The opinion finds that no prejudice, by lack of notice, resulted to the employer. The view of the majority opinion is that such a finding is one of form and not of substance. The commission did not make a finding as to prejudice; neither was the hearing before the commission directed to that issue. The court's inquiry is necessarily confined to the record. The majority predicate affirmance upon its finding of lack of prejudice.

It is thought that the notice given was either sufficient or it was not; that in event it was not, contrary to the commission's view, which I would affirm, the cause should be remanded for a hearing upon the issue of the negative as to the employer's prejudice.