PRODUCERS PIPE & SUPPLY CO. et al. v. CLEVENGER et al.

No. 32604.  April 8, 1947.

Rehearing Denied May 20, 1947.

*180 P: 2d 667.*

H. L. Palmer and Looney, Watts, Fenton & Billups, all of Oklahoma City, for petitioners.

G. O. Wallace, of Wewoka, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding brought by the Producers Pipe & Supply Company, employer, and its insurance carrier, United States Fidelity & Guaranty Company, hereinafter called petitioner, to review an award made to Chester A. Clevenger, respondent. The State Industrial Commission, acting by a single commissioner, under order dated January 2, 1946, found that respondent sustained an accidental injury on September 10, 1944, and entered an award for 50 per cent permanent partial disability to the body as a whole and ordered payment therefor at the maximum of $18 per week.

On a proceeding by appeal to the State Industrial Commission en banc the commission affirmed the order under date of January 31, 1946, and this proceeding is brought to review the award.

The record discloses that the respondent was a pumper employed by the Producers Pipe & Supply Company, and that on September 10, 1944, he lost consciousness while at his work; that he was immediately taken to the hospital and hospitalized, and thereafter, on April 4, 1945, he filed employee's first notice of injury and claim for compensation stating that he had sustained a heat stroke on September 10, 1944. The closely contested question of fact arising out of the situation is whether or not the employer, or the insurance carrier, knew that, on September 10, 1944, he sustained an accidental injury arising out of and in the course of the employment which accidental injury caused the disability for which the award was entered.

The cause and extent of the disability are not made an issue by the petitioners. In two propositions petitioners argue that there was a failure to give the statutory written notice required by 85 O.S. 1941 §24, and that there was no sufficient finding made by the State Industrial Commission excusing the giving of the statutory written notice. The State Industrial Commission found that the petitioners had actual notice of the accidental injury and that by reason thereof the respondent was excused from giving the statutory written notice. Petitioners argue that there was no actual notice within the terms and meaning of the definition announced by this court and cite in support thereof Wirt Franklin Pet. Co. v. Wilson, 164 Okla. 129, 23 P. 2d 644, and Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. 2d 177.

We analyzed and discussed these cases in Skelly Oil Co. v. Grimm, 196 Okla. 122, 163 P. 2d 234; Fischer-Kimsey Co. v. King, 196 Okla. 92, 162 P. 2d 519; and Johnston v. Penwell, 197 Okla. 368, 171 P. 2d 266. We therein held that the State Industrial Commission is authorized to excuse the giving of the statutory written notice provided for by 85 O.S. 1941 §24, either on the ground that the injured employee for some reason could not give the notice or on the ground that the employer or the insurance carrier, as the case may be, had not been prejudiced by failure to give the statutory written notice. Therein we point out the confusion that had been occasioned by the rule announced in Protho v. Nette, 173 Okla. 114, 46 P. 2d 942. We further stated that in Nu-Way Laundry v. Trice, 182 Okla. 518, 78 P. 2d 706, we, in effect, overruled Protho v. Nette, supra, and held that when the issue of failure to give the statutory written notice provided by 85 O.S. 1941 §24 is raised, it is the duty of the State Industrial Commission to make a finding excusing the giving of the statutory written notice under the provisions of that section before proceeding to make an award.

It will be noticed that in all these cases following Nu-way Laundry v. Trice, supra, there was a finding that the employer or the insurance carrier, as the case may be, was not prejudiced by failure to give the statutory written notice, and we held that the finding of the State Industrial Commission that there had been actual notice was unimportant if the evidence justified the find-

ing by the State Industrial Commission that the employer or the insurance carrier, as the case may be, had not been prejudiced by a failure to give the statutory written notice. Pine v. Davis, 194 Okla. 427, 152 P. 2d 590.

The State Industrial Commission should not evade the duty placed upon it by the provisions of the statute to make a finding excusing the giving of the statutory written notice either on the ground that for some reason the injured employee could not give the notice or on the ground that the employer or insurance carrier had not been prejudiced by a failure to give the notice. That is particularly true in the case at bar. The evidence as to whether the employer had knowledge of the accidental injury is in hopeless conflict. The employer admits that the employee lost consciousness while he was at work. The employer denies that it had any knowledge at any time prior to the filing of the claim with the State Industrial Commission that the respondent was claiming to have sustained an accidental injury.

We have heretofore pointed out that the employer pays for disability resulting from an accidental injury and not for the accident. In Greer County Gin Co. v. Dunnington, 166 Okla. 302, 27 P. 2d 630, cited with approval in Nu-way Laundry v. Trice, supra, we pointed out that the purpose of the statute was to allow the employer of the injured employee to determine the extent of the disability resulting from an accidental injury and to take steps to decrease this disability.

The petitioners had a right to know whether the State Industrial Commission was willing to excuse the giving of the statutory written notice either on the ground that for some reason the respondent could not give a notice or on the ground that the petitioners had not been prejudiced by the failure to give the notice. The finding that the employer had actual notice did not fulfill the duty to make a finding in accordance with the provisions of the statute.

We have no statute as to actual notice. Fischer-Kimsey Co. v. King, supra. The statute providing for the excusing of the giving of the statutory written notice not only authorizes the excusing thereof but it is a mandatory direction that the State Industrial Commission shall excuse the giving thereof when the issue is raised before it proceeds to enter an award.

We therefore reannounce the rule applied in Greer County Gin Co. v. Dunnington and Nu-way Laundry v. Trice, supra, that when the failure to give the statutory written notice is raised it is the mandatory duty of the State Industrial Commission to make a finding as to the giving of such notice and if none was given to excuse the giving thereof on one of the grounds provided for the excusing thereof in 85 O.S. 1941 § 24 before proceeding to make an award. We further hold that this duty is not performed by a finding that the employer has had actual notice of the accidental injury and by reason thereof the employee was excused from giving the statutory written notice.

The award of the State Industrial Commission is vacated and the cause remanded to the State Industrial Commission for proceedings not inconsistent with the views herein expressed.

HURST, C.J., and RILEY, BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur. DAVISON, V.C.J., and OSBORN and CORN, JJ., dissent.