GLENCLIFF DAIRY PRODUCTS CO. et al. v. ROWTON et al.

No. 35231.   June 24, 1952.

*245 P. 2d 713.*

A. M. Covington, Tulsa, for petitioners.

J. W. Hastain, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

BINGAMAN, J.   Claimant, Robert Rowton, was awarded compensation by reason of an injury to his back sustained on the 27th day of December, 1950, while employed as a laborer for the employer, Glencliff Dairy Products Company, a corporation. The claim was filed June 13, 1951, and at the hearing conducted thereon petitioners filed an answer in which they denied liability and also raised the issue that claimant had failed to give the statutory written notice required by 85 O.S. 1951 §24. Claimant conceded his failure to give the statutory written notice but sought to have the commission excuse the failure upon the ground that the employer had knowledge thereof and was not prejudiced by such failure.

The State Industrial Commission made no finding excusing the giving of the statutory written notice. This court is committed to the rule that where the failure to give the statutory written notice is made an issue and it is conceded that such notice was not given, the State Industrial Commission must make a finding based on competent evidence excusing the giving of said notice on the ground that the claimant for some sufficient reason could not give the notice, or on the ground that the employer or insurance carrier, as the case may be, has not been prejudiced by failure to give such notice, before an award for claimant can be made. Skelly Oil Co. v. Grimm, 193 Okla. 614, 145 P. 2d 931; Producers Pipe & Supply Co. v. Clevenger, 198 Okla. 601, 180 P. 2d 667.

Due to the failure of the State Industrial Commission to make a finding in accordance with the statute, the award is vacated and the cause remanded to the State Industrial Commission for further proceedings.

Award vacated.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON and O'NEAL, JJ., concur.