**GLENCLIFF DAIRY PRODUCTS COMPANY and Massachusetts Bonding and Insurance Company, Petitioners,**

v.

**OKLAHOMA STATE INDUSTRIAL COMMISSION, Respondents.**

**In the Matter of the Death of Herbert W. SMITH, Jr., Delores Smith.**

**No. 37148.**

Supreme Court of Oklahoma.

Nov. 20, 1956.

Truman B. Rucker, Bryan W. Tabor, Gurney G. Cox, and Dennis J. Downing, Tulsa, for petitioners.

Hughey Baker, William R. Fulton, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is a proceeding under the Death Benefit Provision of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq.

The evidence discloses that Herbert W. Smith, husband of Delores Smith, was route man for the Glencliff Dairy Products Company, driving a delivery truck in that capacity. It is claimed that sometime in the latter part of August, 1954, he sustained an injury arising out of and in the course of the employment with the employer when he struck his head on a delivery truck door. He was hospitalized in November, and on the 6th day of December, 1954, was operated for a brain injury. He died December 17th, 1954.

After a hearing the State Industrial Commission entered its order sustaining the claim for death benefits and awarding Smith's dependents the statutory amount upon finding his death was caused by an accidental injury in the scope of his employment.

This proceeding is brought by the employer and the insurance carrier, hereinafter called petitioners, to review the award.

The petitioners present three propositions. First, it is argued that there is no evidence sustaining the finding of the State Industrial Commission that Herbert Smith suffered an accidental injury arising out of and in the course of his employment. Second, it is argued that there is no competent evidence tending to support the finding of said Commission that Herbert Smith's death was the result of an accidental injury. The third proposition presents the issue of failure to give the statutory written notice provided by 85 O.S.1951 § 24.

We are of the opinion that the failure to make a finding on the issue of notice requires that the award be vacated. The petitioners raise the issue of notice by their answer. We have repeatedly held that where the failure to give the statutory written notice required by 85 O.S.1951 § 24, is made an issue no award can be made by the State Industrial Commission until it makes a finding within the terms of the statute. Griffin Grocery Co. v. Sterling, Okl., 302 P. 2d 151; Glencliff Dairy Products Co. v. Rowton, 206 Okl. 611, 245 P.2d 713; Massachusetts Bonding & Ins. Co. v. Welch, 194 Okl. 22, 146 P.2d 995; Pine v. Davis, 194 Okl. 427, 152 P.2d 590; and Producers Pipe & Supply Co. v. Clevenger, 198 Okl. 601, 180 P.2d 667. In Glencliff Dairy Products Co. v. Rowton, supra, it is stated:

"Where failure to give notice of an injury as required by 85 O.S. 1951, § 24, is pleaded as a bar to a claim for compensation and the claimant admits the failure but seeks to have such failure excused by the Commission, it becomes the mandatory duty of the Commission to make a finding either excusing or refusing to excuse the failure of claimant before it can enter a valid order or award in the proceeding."

The award of the State Industrial Commission is vacated and the cause remanded to said Commission with directions to make a finding as to notice, in accord with the views herein expressed.