**SAFEWAY STORES, Inc., and Hartford Accident and Indemnity Company, Petitioners,**

v.

**Francis P. COUSPARIS and the State Industrial Commission, Respondents.**

**No. 37709.**

Supreme Court of Oklahoma.

Oct. 15, 1957.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Jesse L. Leeds, Muskogee, John L. Smith, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On April 12, 1956, Francis Pauline Cousparis, respondent herein, filed a claim for compensation against Safeway Stores, Inc., and its insurance carrier, Hartford Accident and Indemnity Company, petitioners herein, in which she states that on the 1st day of January 1956, while in the employ of respondent, Safeway Stores, Inc., she sustained an accidental injury consisting of injury and damage to her arms, hands, legs and feet resulting in some permanent partial loss of use of said members; that the injury was caused by exposure to extreme temperature while engaged in working in the meat market department of Safeway Stores, Inc.

Petitioners in their answer specifically deny that respondent sustained an accidental injury while in the employ of Safeway Stores, Inc., and also affirmatively plead that the respondent failed to give written notice of her injury within thirty days as provided by statute, 85 O.S.1951 § 24, and that they suffered prejudice thereby.

The trial judge found that on the first day of January 1956 respondent, while in the employ of Safeway Stores, Inc., sustained an accidental injury arising out of and in the course of her employment consisting of an injury to her arms, hands, legs and feet; that she lost no compensable time as the result of said injury and further found that as a result of said injury she sustained ten per cent permanent partial disability to her body as a whole for which

she is entitled to compensation for fifty weeks at $28 per week or the total sum of $1,400, and upon such finding entered an award in favor of respondent accordingly which was sustained on appeal to the Commission en banc.

Neither the trial judge nor the Commission en banc on appeal made any finding as to the issue of notice raised by petitioners in their answer nor was the failure to give such notice excused upon any of the grounds mentioned in said statute.

■ Petitioners bring the case here for review and in their second proposition contend that respondent failed to give written notice of her injury within thirty days as provided by 85 O.S.1951 § 24, and that the State Industrial Commission erred in entering an award against them without excusing the giving of the statutory written notice upon one of the grounds mentioned in said statute. With this contention we agree. We have many times held that where no statutory written notice has been given as provided by 85 O.S.1951 § 24, and the employer raises the issue of failure to give the statutory written notice in the Industrial Commission, said Commission is not authorized to make an award unless it excuses the failure to give said notice either on the ground that notice for some sufficient reason could not have been given or that the insurance carrier or the employer, as the case may be, has not been prejudiced thereby. Griffin Grocery Co. v. Sterling, Okl., 302 P.2d 151; Glencliff Dairy Products Co. v. Rowton, 206 Okl. 611, 245 P.2d 713; Producers Pipe & Supply Co. v. Clevenger, 198 Okl. 601, 180 P.2d 667.

Respondent concedes that she did not give petitioners written notice of her injury within the time prescribed by statute. She, however, asserts that petitioners had actual notice and knowledge of her in-

jury and it was therefore not necessary to give written notice.

Respondent in this respect testified that she was in the employ of Safeway Stores, Inc., at the time she sustained her alleged injury and had been in its employ for about three years prior thereto. She was employed in the meat market department of Safeway Stores, Inc., and was required to work in temperatures ranging from fifty to forty degrees which affected her hands, arms, legs and feet. Her feet became swollen. The first time she became aware of the injury to her feet was sometime early in January 1956. She then notified the store manager and also the manager of the meat market department thereof of such condition. The evidence however fails to show that she notified said parties that she claimed such condition was caused by her employment or that it arose out of her employment nor did the Commission make a finding on such issue.

■ This evidence in our opinion is wholly insufficient to justify a finding on the part of the State Industrial Commission that petitioners had actual knowledge of such injury. This conclusion is supported by the following authorities: Empire Pipe Line Co. v. Morgan, 185 Okl. 82, 90 P.2d 389; Greis v. Rounsiville, 173 Okl. 189, 46 P.2d 905; Norman Steam Laundry v. State Industrial Commission, 160 Okl. 107, 16 P.2d 92.

■ Since respondent failed to give written notice of her injury within the thirty day period provided by statute, supra, and since the Commission did not excuse the failure to give the statutory written notice on any of the grounds mentioned in the statute the State Industrial Commission under the above authorities was without authority to enter an award against petitioners.

Award vacated for further proceedings.