Demetrios **AGATHANGELIDES** and Diane Agathangelides, husband and wife, and Greek Gardens, a Utah corporation, Plaintiffs and Respondents,

v.

Keith **SHAW** and Sandra Shaw, husband and wife, each individually and dba Springcolor Systems, Inc., Defendants and Appellants.

No. 19113.

Supreme Court of Utah.

July 15, 1987.

Rehearing Denied July 31, 1987.

Raymond N. Malouf, Logan, for plaintiffs and respondents.

N. George Daines, Logan, for defendants and appellants.

DURHAM, Justice:

Defendants appeal from an order granting plaintiffs partial summary judgment. We reverse and remand.

Plaintiffs sold a sprinkler installation business to defendants. The terms of the sale were set out in a sales agreement. The purchase was financed through a promissory note executed by defendants' corporation.

When defendants failed to make the second and subsequent payments, plaintiffs sued to collect the amount owed under the note and attorney fees as provided for in the note. Defendants answered, raising failure of consideration as an affirmative defense. Defendants also counterclaimed for breach of contract and for attorney fees.

Plaintiff moved for summary judgment and to strike defendants' counterclaim and affirmative defense. The trial court granted partial summary judgment to plaintiffs on the issue of liability on the note, but reserved for trial issues concerning the affirmative defense, the counterclaim, defendants' personal liability on the note, and the amount of attorney fees owed to plaintiffs under the note.

■ At trial, the judge told the jurors that they were to consider only two issues: the amount of attorney fees and the amount of any offset defendants might have had because of their counterclaim. We make two observations: the trial court did not submit defendants' affirmative defense to the jury although it had specifically reserved the issue for trial; and it appears that the trial court did not instruct the jury on the proper treatment of defendants' offset. Although the issue of the treatment of defendants' offset has not been assigned as error, we think it appropriate to comment upon the treatment of the offset so that our recitation of the facts in this case will not be misconstrued as suggesting a rejection of the rule set forth in *Nalder v. Kellogg Sales Co.*, 6 Utah 2d 367, 314 P.2d 350 (1957), and *Sugar v. Miller*, 6 Utah 2d 433, 315 P.2d 862 (1957), and so that the trial judge may instruct the jury properly on remand. When a party

sues to collect under a note that provides for the collection of attorney fees and the other party successfully raises a counterclaim related to the note and is awarded more than the amount due under the note, the party claiming under the note should be disallowed attorney fees on the note. *Elder v. Triax Co.*, 740 P.2d 1320 (Utah 1987).

At trial, the jury was presented with a special verdict form that asked it to rule on defendants' counterclaim by determining whether plaintiffs, defendants, both parties, or neither party had breached the agreement. The jurors indicated that both parties had breached the agreement. The verdict form indicated that if the jury found that both parties or neither party had breached the agreement, it was not to consider the issue of damages. The trial judge concluded that the jury had rejected the counterclaim because of the way it filled out the special verdict form. We agree with defendants that the special verdict form was misinterpreted. The gravamen of defendants' case was that plaintiffs had breached the agreement, excusing defendants' performance. We do not see why the jury's action in determining that both parties breached was more likely to indicate rejection of the counterclaim than concurrence with defendants' theory of breach. On remand, the jury should be provided with a form that asks it to determine the sequence of breaches.

■ We also agree with defendants' assertion that it was error for the trial court to have granted partial summary judgment against them on the issue of liability on the note.

Utah Rule of Civil Procedure 56(c) provides for summary judgment when there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. While it is proper under some circumstances for a trial judge to grant summary judgment on some issues but not on others, it was inappropriate for the trial judge to have granted partial summary judgment in this action. *See* Utah R.Civ.P. 56(d).

In this case, the trial judge granted plaintiffs' motion for summary judgment on the note while reserving for trial defendants' affirmative defense of lack of consideration for the same instrument. We do not understand how plaintiffs could be entitled to judgment on the note as a matter of law if factual issues sufficient to warrant trial existed as to whether there was consideration. *See Bennion v. Amoss*, 28 Utah 2d 216, 221, 500 P.2d 512, 515 (1972).

We remand for a trial on the merits in accordance with the instructions set out above.

HALL, C.J., STEWART, Associate C.J., and HOWE and ZIMMERMAN, JJ., concur.