KANSAS EXPLORATIONS, Inc., v. UTTON et al.

No. 32850.   Sept. 23, 1947.

*185 P. 2d 439.*

A. L. Commons, of Miami, for petitioner.

J. J. Smith, of Miami, Sylvan Bruner, Pete Farabi, and Morris Matuschka, all of Pittsburg, Kan., and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding brought by Kansas Explorations, Inc., a corporation, hereinafter called petitioner, to review an award made to Floyd L. Utton, respondent.

On the 5th day of July, 1945, respondent sustained an accidental injury arising out of and in the course of his employment with the petitioner when he injured his chest and fractured two ribs while operating a locomotive in petitioner's mine. A report of this accident under date of July 5, 1945, was filed by the division manager, Ross Blake. The employee's first notice of injury and claim for compensation was received May 8, 1946, but the report of the injury made on July 5, 1945, was not received by the State Industrial Commission until August 10, 1945. No satisfactory explanation of the discrepancy in the date of the report by the division manager and the filing of the same with the State Industrial Commission is given.

The record discloses that on the 5th day of July, 1945, the respondent was operating a small electric engine, hauling loaded cars. He started to get on the motor to operate the same and his shirt sleeve caught on the control and he was caught between the motor and one of the loaded cars. Dr. McNaughton testified for the respondent and gave it as his opinion that as a result of the accidental injury the respondent is now 75 per cent permanently disabled. Following hearings conducted by the State Industrial Commission an award was made finding that by reason of the accidental injury the respondent has sustained a 15 per cent disability to the body as a whole. Payment for 75 weeks at the maximum rate of $21 per week was ordered, and this proceeding is brought to review the award.

In the first proposition presented by the petitioner it is claimed that there is no evidence to establish any degree of permanent disability. Petitioner cites and relies upon E. I. duPont de Nemours & Co. v. Spencer, 195 Okla. 300, 157 P.

2d 186, which is authority for the rule that where the injury complained of by the injured employee is of such character as to require skilled and professional men to determine the cause and extent thereof, the question must necessarily be determined by medical expert witnesses. The rule therein was announced in sustaining an award. We are of the opinion that there is sufficient evidence in the record to sustain the award when we consider the testimony of Dr. McNaughton. He stated that in his opinion the fracturing of the ribs caused latent tuberculosis to be lighted up so that the respondent now has a disability as a result of the accidental injury. Petitioner argues that some of the statements of Dr. McNaughton do not disclose the extent or the degree of the disability. Dr. McNaughton testified that in his opinion the respondent might get worse but would never get better. It is the argument of petitioner that this does not disclose a permanent condition. We have carefully reviewed all of the evidence of Dr. McNaughton and are of the opinion that it is his testimony that at the time of the trial the respondent was suffering from a permanent disability due to the accidental injury. This court has many times held that the cause and extent of a disability arising out of the accidental injury are questions of fact and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission in this respect, an award otherwise properly made will not be disturbed on review. Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988; Standard Roofing and Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

In a second and final proposition petitioner presents the alleged error of the State Industrial Commission in not directing an examination of respondent by a disinterested medical expert examiner as provided by 85 O.S. 1941 §25. Petitioner cites and relies on Schneider, Workmen's Compensation Law, vol. 2, §498, pp. 1657, 1658. We find nothing in the cited text to indicate that it is the mandatory duty of the State Industrial Commission to allow an examination on request under a statute similar to ours. 85 O.S. 1941 §25 provides:

"An employee injured claiming or entitled to compensation under this act, shall, if requested by the commission, submit himself for medical examination at a time and from time to time, at place reasonably convenient for the employee, and as may be provided by the rules of the commission. If the employee or insurance carrier request he shall be entitled to have a physician or physicians of his own selection to be paid by him present to participate in such examination. If an employee refuses to submit himself to examination, his right to prosecute any proceeding under this act shall be suspended, and no compensation shall be payable for the period of such refusal."

The respondent had been examined by two medical examiners on behalf of petitioner. Both of these examiners were present at the trial and one testified and apparently petitioner was of the opinion that the testimony of its expert witness was sufficient for under Title 85, ch. 4, §1, S. L. 1945, 85 O. S. Supp. §827.1, it is authorized to introduce testimony of at least two medical expert witnesses. This court has many times held that where a complete examination into all of the questions pertinent to the entering of an award has been made by both parties, the State Industrial Commission is then authorized to make the award. No prejudice is shown or suggested by the action of the State Industrial Commission in the case at bar, and we are of the opinion and hold that there was no abuse of discretion in denying the application for a further examination.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, and LUTTRELL, JJ., concur.