STANDARD ROOFING AND MATERIAL COMPANY, Petitioner,

v.

Archie Alvin WEEKS and the State Industrial Commission, Respondents.

No. 36433.

Supreme Court of Oklahoma.

Oct. 19, 1954.

Butler, Rinehart & Morrison, Oklahoma City, for petitioner.

B. E. Harkey, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

This is a proceeding by Standard Roofing and Material Company (own risk) to review an award of the State Industrial Commission awarding compensation to respondent Archie Alvin Weeks.

On February 4, 1954, respondent filed his claim for compensation in which he states that on the 11th day of August, 1953, while in the employ of petitioner he sustained an accidental injury resulting in the fracture of his skull and left cheek bone and that as a further result thereof he sustained injuries to his left shoulder, neck and back. The accident was caused by falling through a skylight hole on the roof of a building on which respondent was working, a distance of 25 feet onto the concrete floor and as a result thereof he sustained some permanent disability.

The trial commissioner to whom the case was assigned at the close of the hearing in substance found: that on the 11th day of August, 1953, respondent while in the employ of petitioner sustained an accidental injury arising out of and in the course of his employment consisting of a fractured skull, injury to his left eye, fractured left cheek bone, injury to both wrists, neck, shoulder and back; that as a result thereof he was temporarily totally disabled from August 11, 1953, to January 28, 1954, for which he has been paid compensation at $28 per week, and that no further temporary compensation is due; that as a further result of said injury he sustained a 50 per cent permanent partial disability to the body as a whole for the performance of ordinary manual labor for which he is entitled to recover from petitioner compensation for 250 weeks at the rate of $28 per week or a total sum of $7,000 and entered an award accordingly. The award was sustained on appeal to the Commission en banc.

It is conceded by petitioner that respondent, while in the employ of petitioner and engaged in a hazardous employment, sustained an accidental injury arising out of and in the course of his employment and as a result thereof he was temporarily totally disabled as found by the Commission. It is however, contended that the evidence is insufficient to sustain the finding of the Commission as to permanent disability and

that the award as to such disability should be vacated.

The medical experts all agree that respondent, as a result of his injury, sustained some disability to his person. However, several of the physicians testifying in the case testified that his disability was temporary only; that he had completely recovered from his injuries and has sustained no permanent disability.

One physician, however, who saw and examined respondent on the 12th day of February, 1954, filed a written report of his findings and conclusions which was admitted in evidence by agreement in which he states that he obtained from respondent the following history: That on the 11th day of August, 1953, while in the employ of Standard Roofing and Material Company he sustained an accidental injury when he fell 25 feet through the roof of a building onto a concrete floor. He was rendered unconscious for approximately 30 minutes. He had sustained a skull fracture, brain concussion, fracture of both ribs and a fracture of the left malar bone; that upon such history and his own examination, including the taking of X-rays of the skull, he expressed the opinion that respondent, as the result of his head injury alone, sustained a 25 per cent permanent partial disability to his body as a whole. The doctor, however, expressed no opinion as to the disability sustained by respondent, if any, as to the other injuries received. Another physician who examined respondent on the 23rd day of February, 1954, in his written report states that based on the history of the case obtained from respondent and his own examination, including X-rays taken of his skull, expressed the opinion that respondent, as the result of the injury sustained on August 11, 1953, sustained a 25 per cent permanent partial disability to his body as a whole as the result of his head injuries, a 10 per cent permanent partial disability as a result of an injury to his spine, a 35 per cent permanent partial disability to his left hand, and a 25 per cent permanent partial disability to his right hand and that as a result of his combined

injuries he sustained a 65 per cent permanent partial disability to his body as a whole. The Commission awarded compensation on the basis of 50 per cent disability.

 While the evidence is in conflict as to the extent of disability, we conclude that the award, in this respect, is reasonably supported by medical evidence, and will not therefore be disturbed on review.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., WELCH, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.