**GRIFFIN GROCERY COMPANY, a Corporation, Petitioner,**

v.

**Grady W. STERLING and the State Industrial Commission, Respondents.**

**No. 35612.**

Supreme Court of Oklahoma.

Oct. 9, 1956.

Banker, Bonds & Wilcoxen, Muskogee, for petitioner.

Lee Welch, Antlers, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On the 5th day of June, 1950, Grady W. Sterling, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained two accidental injuries arising out of and in the course of his employment with Griffin Grocery Company, a corporation, hereinafter called petitioner. After hearings an award was made, the pertinent portions of which are as follows:

"That on the 11th day of March, 1950, the claimant was in the employ of the respondent herein, said respondent being engaged in a hazardous occupation, covered by and subject to the provisions of the Workmen's Compensation Law, and on said date claimant sustained an accidental personal injury,

arising out of and in the course of his employment, to-wit: Injury to his back, and claimant again on March 25, 1950, sustained an injury, reinjuring his low back.

"That at the time of said injury claimant's average daily wage was sufficient to entitle him to compensation at the rate of $24.62 per week.

"That as a result of said injury, claimant was temporarily totally disabled from April 14th, 1950 to January 1, 1951, for which he is entitled to compensation in the sum of $898.63, same being 36 weeks and 3 days at $24.62 per week.

"That as a result of said injury claimant sustained 30% permanent partial disability to the body as a whole, for which he is entitled to the sum of $3693.00, same being 150 weeks at $24.62 per week; that there is now due and owing claimant of said award the sum of $1772.64, being compensation computed from January 1, 1951 to and including May 17th, 1952, a period of 72 weeks at $24.62 per week."

Petitioner has brought this proceeding to review this award. In the second proposition it is argued that the State Industrial Commission erred in entering the award without excusing the giving of the statutory written notice required by 85 O.S. 1951 § 24.

The record discloses that claimant was a truck driver for petitioner. He testified that on the 11th day of March 1950, he sustained an accidental injury while moving merchandise in a truck at Honobia in Le Flore County when he slipped and fell on the bed of the truck injuring his back and hip and that he sustained a second injury March 25, 1950, while unloading sheet iron from a railroad car at the company warehouse in Antlers, Oklahoma. He was placed in the Veterans Hospital at Muskogee and operated for a ruptured disc. He quit work on April 14, 1950, and has not done any work since that date. The evidence offered by medical expert witnesses is to the effect that he has a permanent disability to his back resulting from the accidental injuries.

Petitioner filed an answer raising the issue of the failure to give statutory written notice within 30 days after the injury. It is admitted that such notice was not given but the claimant sought to excuse such failure by a showing that petitioner had actual notice of the injury within 30 days thereafter.

The failure to give the statutory written notice required by section 24, supra, was therefore put in issue. When such issue is presented before the Commission it is the duty of the Commission to make a finding thereon and either excuse the failure to give the notice or deny the award. In Glencliff Dairy Products Co. v. Rowton, 206 Okl. 611, 245 P.2d 713, this court said in the first paragraph of the syllabus:

"Where failure to give notice of an injury as required by 85 O.S. 1951 § 24 is pleaded as a bar to a claim for compensation and the claimant admits the failure but seeks to have such failure excused by the commission, it becomes the mandatory duty of the commission to make a finding either excusing or refusing to excuse the failure of claimant before it can enter a valid order or award in the proceeding."

In the instant case the issue of failure to give the statutory notice was raised in the pleading and the Commission failed to make a finding excusing such failure.

The award is vacated and the cause remanded to the State Industrial Commission for further proceedings in accordance with the views herein expressed.