GRIFFIN GROCERY COMPANY, a Corporation, Petitioner,

v.

STATE INDUSTRIAL COMMISSION and Grady W. Sterling, Respondents.

No. 38166.

Supreme Court of Oklahoma.

Feb. 10, 1959.

Rehearing Denied March 24, 1959.

Bonds & Langley, Muskogee, for petitioner.

Lee Welch, Antlers, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

Grady W. Sterling, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained two accidental injuries, arising out

of, and in the course of his employment with, Griffin Grocery Company, a corporation, hereinafter called petitioner. An award was made for temporary total disability and 30% permanent partial disability to the body as a whole, and this award was reviewed in Griffin Grocery Company v. Sterling, Okl., 302 P.2d 151. This court remanded the case to the State Industrial Commission for the reason the issue of failure to give statutory notice was raised in the pleading and the Commission failed to make a finding excusing such failure.

On the return to the State Industrial Commission, claimant filed a motion asking that upon further hearing, the evidence adduced and upon which the original award was entered, be considered by the Court, and a new award be entered. The matter was set for hearing on October 10, 1957, and the claimant introduced evidence as to the issue of failure to give the statutory written notice. The petitioner did not appear and on October 15, 1957, an award was entered by the Commission which was afterwards set aside upon motion and showing by the petitioner, that a continuance had been requested. The matter was then set for January 10, 1958, when a hearing was had, after which an order was made under date of February 7, 1958. The order was in all respects similar to the first order, except that it excused the giving of the statutory written notice.

The petitioner has brought this proceeding to review the award and argues two specifications of error.

(1) Griffin Grocery Company was entitled to introduce evidence at the hearing on January 10, 1958, with reference to prejudice resulting from lack of written notice and as to the merits of the claim generally;

(2) the order of the Commission entered in this matter on February 7, 1958, is not based on evidence and does not constitute a valid finding and award.

Petitioner's proposition that it was denied the right to introduce evidence, with reference to prejudice resulting from lack of

written notice is not borne out by the record. At the hearing conducted January 10, 1958, the trial judge stated that after examination of the opinion in the Griffin Grocery Company v. Sterling, supra, it was his conclusion the only issue to be presented was the failure to give the Statutory written notice. The attorney for petitioner stated that it was his position that the entire cause should be retried.

The record reveals claimant made a motion to enter an award on the record already made. The petitioner made no showing he had witnesses present, offered no evidence, did not request a continuance, but remained silent.

■ We think it unnecessary to determine whether the trial judge erred in deciding the only issue was that of notice, for, if so, the error was without legal significance. Although the issue of disability, and the cause thereof was not determined in the former opinion, a review of the record discloses the evidence was ample to sustain the finding of the causes, and the extent of the injuries, arising out of, and in the course of his employment, as made by the State Industrial Commission.

The only request for further hearing made by petitioner, prior to the hearing on January 10, 1958, was a motion filed on January 6, 1958, requesting that claimant be examined by a doctor of petitioner's choosing. The motion was overruled on January 10, 1958. We find there was no abuse of discretion, and the overruling of the motion did not constitute error. See Kansas Explorations, Inc. v. Utton, 199 Okl. 159, 185 P.2d 439.

The petitioner has referred to Pioneer Mills Co. v. Webster, 186 Okl. 616, 99 P.2d 507; Adams v. City of Anadarko, 202 Okl. 72, 210 P.2d 151, and Boen v. State Industrial Commission, 202 Okl. 258, 212 P.2d 457. These cases are distinguishable and not applicable to the cause under consideration. In the Pioneer Mills Co. v. Webster, supra, after the award was vacated and the cause remanded, a new award was en-

tered without notice to either party; while in this case, after remanding, the cause was set for hearing, both parties were notified, and were present, and the petitioner made no showing he had further testimony which would aid in determining any of the issues in the proceeding.

In Adams v. City of Anadarko, supra, the order denying an award was made on consideration of the evidence upon which the first award was entered and further evidence by agreement of the parties. In Boen v. State Industrial Commission, supra, the order was vacated and remanded for a more specific finding and further testimony, if it would aid in determining the issues.

■■ On the first hearing herein, the claimant testified that Charley Bryant is the manager of the Antlers house of the petitioner, and that he gave Mr. Bryant oral notice that he had received two injuries and had to go to the doctor, and he fixes the date within the 30 day period from the first injury by stating he notified Bryant when he went to Dr. Servais and fixes that date as being March 28, 1950. No testimony was offered by the petitioner on this question, and the testimony offered is sufficient to sustain the findings of the State Industrial Commission that Griffin Grocery Company had actual notice of the injuries and has not been prejudiced by the failure to give the written statutory notice.

We adhere to the rule announced in Reints v. Diehl, Okl., 317 P.2d 750 wherein we held:

"Under the provisions of 85 O.S. 1951 § 24, the State Industrial Commission is authorized to excuse the giving of the statutory written notice provided therein; and if there is any competent evidence sustaining the finding of the State Industrial Commission that the employer has not been prejudiced by failure to give the statutory written notice, a finding thereon will not be disturbed on review."

There is sufficient evidence in the record showing petitioner had actual notice in due time of the injuries and the Commission so found, and no prejudice resulted from lack of written notice.

In Griffin Grocery Company v. Sterling, supra [302 P.2d 152], it is stated:

"The record discloses that claimant was a truck driver for petitioner. He testified that on the 11th day of March 1950, he sustained an accidental injury while moving merchandise in a truck at Honobia in Le Flore County, when he slipped and fell on the bed of the truck injuring his back and hip and that he sustained a second injury March 25, 1950, while unloading sheet iron from a railroad car at the company warehouse in Antlers, Oklahoma. He was placed in the Veterans Hospital at Muskogee and operated for a ruptured disc. He quit work on April 14, 1950, and has not done any work since that date. The evidence offered by medical expert witnesses is to the effect that he has a permanent disability to his back resulting from the accidental injuries."

In the record of the former case there is the evidence of Dr. D. He testified that in his opinion claimant had a permanent partial disability of 35% by reason of injury to his back, and that this was due to the accidental injury sustained by the employee during his employment. This doctor had performed an operation on claimant's back. Petitioner does not deny that the evidence at the hearing on which the former award was based was sufficient to sustain the award, but argues that another award could only be made after a new hearing on all of the issues. With this statement we do not agree. Petitioner made no showing of any kind as to the nature of any evidence it had to offer. No showing is made that petitioner had witnesses present, or wished to obtain them for the purpose of informing the Commission on any issue of the case. At no time did petitioner attempt to establish it had evidence to offer

different from that already before the Commission.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and BERRY, JJ., concur.