**ALLIED MATERIALS CORPORATION, United States Fidelity and Guaranty Company, Petitioners,**

v.

**Charley G. THOMPSON and State Industrial Commission, Respondents.**

**No. 38516.**

Supreme Court of Oklahoma.

Nov. 17, 1959.

946

Charles R. Lipe, Jr., Tulsa, for petitioners.

Creekmore Wallace, Pryor, B. E. Bill Harkey and Don Anderson, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On the 11th day of June, 1958, Charley G. Thompson, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he had sustained an accidental injury while employed by Allied Materials Corporation. An award was made by the State Industrial Commission, which is in substance as follows:

"The Trial Judge, * * * having considered the evidence, records, and being fully advised in the premises, finds:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on or about March 12, 1958, consisting of injury to his lungs, and bronchial tubes as a result of breathing aluminum and fine dust particles.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at the maximum per week; that as a result of said injury, claimant was temporarily totally disabled from March 13, 1958, to September 13, 1958, for which period of time claimant is entitled to compensation for 26 weeks and 2 days in the total amount of $921.66, which amount has not been paid, and on which date temporary total disability ended.

"That as a result of said injury, claimant has sustained 20 per cent permanent partial disability to his body as a whole, for which disability claimant is entitled to compensation for 100 weeks at $30.00 per week, or the total amount of $3,000.00, of which 3 weeks have accrued to October 4, 1958, and shall be paid in a lump sum of $90.00 balance of award to be paid at the rate of $30.00 per week from October 4, 1958."

On appeal to the Commission en banc the award was modified, in a respect not material to this opinion, and affirmed.

This proceeding is brought by the employer and its insurance carrier, United States Fidelity and Guaranty Company, hereinafter called petitioners, to review the award.

The record discloses that claimant was employed as a gilsonite operator; that during his employment he was subjected to dust from aluminum and gilsonite; that he worked at this work from 1951 until about March 12, 1958. He has not returned to work since that date. In a report made by one of the physicians, it was stated that, as a result of inhaling aluminum and gilsonite, claimant has a permanent partial disability to the body as a whole of 35 to 40 per cent.

In the first proposition it is argued that there is no competent evidence reasonably tending to support the finding of the State Industrial Commission, that, by reason of an accidental injury or occupational disease, claimant is permanently disabled. We are of the opinion and hold that the evidence is sufficient to sustain the finding of the State Industrial Commission that, as a result of an occupational disease, claimant has a permanent partial disability in the amount set out in the award.

The second proposition submitted by petitioners is that the State Industrial Commission failed to excuse the giving of the statutory written notice and therefore erred as a matter of law in entering an award before excusing the giving of such notice

as provided by Tit. 85, O.S.1951 § 24. The evidence discloses that the award is based on an occupational disease. Both in the claim, and in the evidence, no date is fixed at which the injury occurred. In the claim it is stated the time of the occurrence of the accidental injury was during the term of employment. Claimant testified he was employed from 1951 until March, 1958. Section 24, supra, requires written notice unless excused by the State Industrial Commission. In Rigdon & Bruen Oil Company v. Beerman, Okl., 318 P.2d 458, 459, it is stated:

> "Where the statutory written notice required by 85 O.S.1951, § 24, is not given and the issue is raised, it is the duty of the State Industrial Commission to make a finding excusing the giving of the statutory written notice in accordance with the statute, before proceeding to make an award."

To the same effect see Skelly Oil Co. v. Grimm, 193 Okl. 614; 145 P.2d 931; Producers Pipe & Supply Co. v. Clevenger, 198 Okl. 601, 180 P.2d 667; Glencliff Dairy Products Co. v. Rowton, 206 Okl. 611, 245 P.2d 713; Griffin Grocery Co. v. Sterling, Okl., 302 P.2d 151.

■ Claimant argues that under the circumstances the issue of notice was waived or abandoned. We do not agree. Petitioners raise the issue of failure to give the statutory written notice in the answer. We think there must be some affirmative indication of a waiver or abandonment in the proceeding thereafter before it can be held that the issue was waived or abandoned. We find no such evidence of an affirmative abandonment or waiver.

■ Since the evidence sustained the finding of the State Industrial Commission that claimant is permanently partially disabled by reason of the accidental injury, this case should be disposed of in a manner similar to that outlined and followed in Reints v. Diehl, Okl., 303 P.2d 641 and Reints v. Diehl, Okl., 317 P.2d 750. The award is therefore remanded to the State Industrial Commission with directions to conduct a hearing and determine the issue of failure to give the statutory written notice. If the State Industrial Commission excuses the giving of the statutory written notice it should then re-enter the award as herein made. If it refuses to excuse the giving of the statutory written notice, it should deny the award for that reason.

The cause is remanded to the State Industrial Commission with directions to proceed in accordance with the views herein expressed.