HYDE CONSTRUCTION COMPANY and United States Fidelity & Guaranty Insurance Company, Petitioners,

v.

Roy SPARKS and the State Industrial Court, Respondents.

No. 40400.

Supreme Court of Oklahoma.

Oct. 1, 1963.

Sanders, McElroy & Whitten, Tulsa, for petitioners.

Amos T. Hall, Tulsa, for respondents.

BLACKBIRD, Chief Justice.

This is an original proceeding to review an award of the State Industrial Court in favor of the claimant therein, respondent herein.

The trial judge's order, sustained by the court en banc, awarded respondent 69 percent loss of hearing in his right ear and 36 percent loss of hearing in his left ear due to an accidental injury arising out of and in the course of his hazardous employment with Hyde Construction Company, near Keystone, Oklahoma, on September 20, 1961.

It is the contention of petitioners that the order of the Industrial Court finding that respondent sustained an accidental personal injury to his left ear and awarding him compensation therefor is not supported by competent evidence, is therefore error, and should, by this court, be set aside.

The record discloses that petitioners stipulated that the respondent was in the employ of the Hyde Construction Company on September 20, 1961, engaged in a hazardous occupation, earning wages sufficient to entitle him to the maximum rate of compensation, and on that date did receive an accidental injury.

The testimony of the respondent, uncontroverted by petitioners, was to the effect that he was an air tool operator working for Hyde Construction Company at its Keystone Dam job, on September 20, 1961. On that date he and his "buddy" were operating a bull hose with a 4-inch discharge opening under 185 pounds air pressure; that, he was the "tail man", with his buddy operating the discharge end. In some manner his buddy lost control of the hose which caused the discharge end to whip around, and, in so doing, whipped by his face, blowing the air upon the right side of his face and into his right ear. His testimony was further to the effect that, when this happened, it caused his immediate loss of hearing, that he could hear nothing, and, as soon as the air was shut off, informed his foreman, who sent him to first aid, where he was treated for several days, but was not sent to a doctor for treatment by the petitioners. He further testified that, prior to the accident, his hearing was unimpaired, but now he could hear nothing out of his right ear and very little out of his left ear. In June, 1962, he went to Dr. B, who examined his ears and hearing and referred him to Dr. M. He submitted the testimony of these doctors by letter reports, which were admitted in evidence without objection upon the part

of the petitioners, after deletion of a part of Dr. B's report which referred to the percentage of loss diagnosed by Dr. M. The testimony of Dr. B was to the effect that respondent's hearing loss was due solely to the accident while the testimony of Dr. M was, that respondent had sustained 69 percent loss of hearing in his right ear and 36 percent loss of hearing in the left ear.

The only evidence submitted by petitioners was the testimony of Dr. S. by letter report wherein he stated that respondent had 60 percent loss of hearing in his right ear and 45 percent loss of hearing in his left ear, but that the loss of hearing was not due to an accidental injury.

While the medical experts do not arrive at the same conclusion as to the percentage of hearing loss suffered by respondent in each ear we notice they do agree upon the same percentage of bilateral loss of hearing, and that, at the time they examined the respondent, he was suffering from loss of hearing. There is a conflict in their evidence as to the cause of the loss of hearing.

■ We are of the opinion, and hold, that the record reasonably discloses that claimant sustained injuries to his ears. His testimony as hereinabove set forth is uncontradicted. If petitioners were seriously questioning it they had at their disposal their first aid records as to what treatment respondent received and to what portions of his body. The finding that respondent suffered accidental injury to his ears is amply sustained by the record

■■ With reference to the competency of the medical testimony we note that two medical witnesses testified for claimant. Their testimony, considered together, is sufficient to sustain the award of the Industrial Court. While their testimony is in conflict with the testimony of the medical expert presented by petitioners, a question of fact was thus raised which was determined by the Industrial Court adversely to petitioners' contention. The records of this court are replete with cases adhering to the rule

that where the medical testimony in a workmen's compensation proceeding is in dispute, we will not weigh conflicting evidence to determine where the preponderance lies. See Baker v. McMichael Sand Co., Okl., 357 P.2d 958; United Brick & Tile Co. v. Roy, Okl., 356 P.2d 107; Strebeck v. Eagle Picher Mine & Smelting Co., Okl., 259 P.2d 536; and Standard Roofing & Material Co. v. Weeks, Okl., 275 P.2d 711.

■ In view of the foregoing, we hold that the order and award of the State Industrial Court as to the cause and extent of disability should not be vacated as lacking evidentiary support.

■■ Petitioners' third proposition is to the effect that the Industrial Court failed to make a finding pertaining to the employer's prejudice, or lack of it, from claimant's failure to give notice of the injury within the 30-day notice period. The uniform decisions of this court are to the effect that where there is a failure to give statutory notice on behalf of the claimant, as prescribed by Tit. 85 O.S.1961 § 24, and that issue is raised, it is the duty of the State Industrial Court to make the finding concerning such failure that is indicated in said statute. See Allied Materials Corp. v. Thompson, Okl., 346 P.2d 945. We cannot help but note that the State Industrial Court failed to make a finding pertaining to notice, although the issue was raised by petitioners. The stipulation did not waive the issue. Therefore, this court will vacate the award and remand the case to the State Industrial Court for further evidence on the question of notice, and a proper determination and finding thereon.

In Allied Materials Corporation v. Thompson, supra, 346 P.2d p. 947 we said:

"Since the evidence sustained the finding of the State Industrial Commission that claimant is permanently partially disabled by reason of accidental injury, this case should be disposed of in a manner similar to that outlined and followed in Reints v. Diehl, Okl., 303 P. 2d 641, and Reints v. Diehl, Okl., 317 P.2d 750. The award is therefore

remanded to the State Industrial Commission with directions to conduct a hearing and determine the issue of failure to give the statutory written notice. If the State Industrial Commission excuses the giving of the statutory written notice it should then re-enter the award as herein made. If it refuses to excuse the giving of the statutory written notice, it should deny the award for that reason."

We adopt the quoted directions as a part of this opinion.

Accordingly, this cause is remanded to the State Industrial Court with directions to proceed in accordance with the views herein expressed.