**LEDFORD CEMENT FINISHING CO. and Hardware Mutual Casualty Co., Petitioners,**

v.

**James Arthur COOKS and State Industrial Court, Respondents.**

**No. 42669.**

Supreme Court of Oklahoma.

Jan. 21, 1969.

Ben A. Goff, Oklahoma City, for petitioners.

Kenneth B. Kienzle, Sr., Kienzle & Kienzle, Shawnee, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

There is involved here for review an order of the State Industrial Court affirming an award of the trial judge allowing the respondent, James Arthur Cooks, claimant below, the statutory benefits for a hernia disability under the provisions of the Oklahoma Workmen's Compensation Act. Parties will be referred to as they appear before the State Industrial Court.

It was stipulated that the claimant was working at a hazardous employment on April 21, 1967, and that his wages were sufficient to entitle him to compensation benefits at the maximum rate provided in the Workmen's Compensation Act.

The trial judge awarded the claimant the statutory fourteen weeks compensation and payment of his medical expenses.

Respondents contend that the evidence is insufficient to establish that claimant sustained the hernia during the course of his employment for respondents, that claimant's medical evidence was not supported by sufficient and consistent history and was incompetent, and further that the trial judge made no specific finding regarding the failure of the claimant to furnish the respondents with the statutory written notice of the occurrence of the accident within 30 days after he contends it occurred.

Summarized the evidence is as follows:

Claimant testified that on April 21, 1967, while working for the respondents he lifted certain steel forms, each weighing about 100 pounds. He felt a burning sensation (in his side). During the next week he remained at home sick with a cold and the flu. He continued to experience the burn-

ing sensation and on April 28, 1967, a knot came up on his side. On May 1, 1967, he returned to the job and told James Ledford, one of the partners of the respondents about the knot on his side. Ledford said he would take him to a doctor. Ledford took him to the Gilbert Clinic where he was examined by a doctor. The doctor advised claimant and Mr. Ledford that claimant had a hernia and would have to have an operation. At that time Ledford did not say anything about claimant going to a doctor. Later Ledford told him to, "go to any doctor."

On May 13, 1967, claimant was examined by Dr. K. Dr. K. advised him that he had to have an emergency operation and it had to be done, "right then." He was admitted to the Mission Hill Hospital in Shawnee, Oklahoma, near claimant's home. Dr. K. performed an operation repairing the hernia on May 14, 1967. Claimant has recovered from the operation but Dr. K. has not told him when he may return to work.

The written report of Dr. K. was submitted in evidence by the claimant. Dr. K. stated that when he first examined the claimant on May 13, 1967, claimant had a painful swollen lump in his left groin and gave a history of the tenderness beginning on April 21, 1967, while he was working for the respondents and doing some lifting. Dr. K. performed a surgical operation on the claimant on May 14, 1967, and repaired a strangulated hernia. He stated that the recover of the claimant from the operation was normal but it would be six or eight weeks before he could return to work.

The written report of James Ledford, one of the partners of the respondents, was submitted in evidence by respondents. Ledford states that claimant reported back to him on May 1, 1967, after a week's absence from work. Claimant told him that he had been ill with a cold for a week and had noticed a knot in his groin which developed on April 28, 1967, but said he did not know how the hernia started. Ledford took the claimant to the Gilbert Clinic. The doctor advised that claimant had a

hernia and needed an operation but could not say when it happened.

Respondents submitted in evidence the written report of Dr. D. who examined the claimant at the Gilbert Clinic on May 1, 1967. He stated that an examination of the claimant revealed a bulging in the lower left groin which he (Dr. D.) diagnosed as "a left inguinal hernia;" that claimant stated that he could not remember any specific lifting or other incident which brought about the swelling but did state that his job included lifting.

The factual situation presented here is quite similar to the one involved in Townley's Dairy v. Gibbons, Okl., 395 P.2d 947, wherein we sustained an award entered by the State Industrial Court for a hernia disability. In that case, Gibbons, just as the claimant here has done, complained of a burning sensation in the groin.

 The evidence, although conflicting, is sufficient to sustain the finding of the State Industrial Court that claimant sustained an accidental personal injury consisting of a hernia arising out of and during the course of his employment with the respondents on April 21, 1967. We have held in many cases that where there is any reasonably competent evidence to sustain the finding of the State Industrial Court, such findings will not be disturbed on review by this Court. Townley's Dairy v. Gibbons, supra; Hyde Construction Co. v. Sparks, Okl., 385 P.2d 495; Star Printery Co. v. Pitman, Okl., 376 P.2d 291; Garr v. Collins, 208 Okl. 113, 253 P.2d 338. We will not weigh conflicting evidence to determine where the preponderance lies. Hyde Construction Co. v. Sparks, supra; Baker v. McMichael Sand Co., Okl., 357 P.2d 958; United Brick & Tile Co. v. Roy, Okl., 356 P.2d 107.

Respondents' second proposition, to which some reference has been made hereinabove, is of effect, (1) that Dr. K.'s medical report in history of causation of claimant's hernia seeks to infer its occurrence on April 21, 1967, while claimant was lifting respondent's steel forms or soon after-

wards, whereas claimant, himself, on the witness stand did not say as much, and, (2), that the Doctor's statement fails to state that claimant's injury was caused, or probably was caused by the lifting. Respondents contend that the medical testimony must establish that "a disability in a workman's compensation case was the probable result of the injury sustained," and cite authorities.

In the case of Townley's Dairy v. Gibbons, supra, at 395 P.2d 949, we find the following language which we deem applicable under the facts hereinabove recited and the entire record in the case, to-wit:

"While the report under consideration is not as precise as it might have been, we think its general tenor and intent support the proposition that claimant's work caused his injury."

See also Star Printery v. Pitman, supra, syllabus paragraph 2.

■ We hold that Dr. K.'s report was admissible and together with the other evidence appearing in the record would sustain the award the State Industrial Court made, had proper notice been given the employer.

The contention of the respondents that the State Industrial Court did not make a specific finding regarding the failure of the claimant to furnish the respondents with written notice of the accident within 30 days as required by 85 O.S.1961, § 24 poses a more serious question.

The alleged accident occurred on April 21, 1967. Claimant filed his form 3 in the office of the State Industrial Court on June 2, 1967. Claimant testified that he reported the existence of a hernia on May 1, 1967. Respondent admits this conference in his form 2 filed in the office of the State Industrial Court. On the same day, May 1, 1967, respondents took the claimant to a doctor and confirmed the existence of a hernia. Respondents deny that claimant at any time stated that the hernia occurred during the course of his employment.

■ It was the duty of the State Industrial Court to determine the issue of whether or not the respondents were prejudiced by the failure of the claimant to notify the respondents in writing of the occurrence of the accident within 30 days after it was alleged to have occurred. We have held that the State Industrial Court must make a specific finding on this question when presented and its failure to do so constitutes error. Hyde Construction Co. v. Sparks, Okl., 385 P.2d 495, supra.

In Allied Materials Corporation v. Thompson, Okl., 346 P.2d 945, 947, we said:

"Since the evidence sustained the finding of the State Industrial Commission that claimant is permanently partially disabled by reason of the accidental injury, this case should be disposed of in a manner similar to that outlined and followed in Reints v. Diehl, Okl., 303 P.2d 641 and Reints v. Diehl, Okl., 317 P.2d 750. The award is therefore remanded to the State Industrial Commission with directions to conduct a hearing and determine the issue of failure to give the statutory written notice. If the State Industrial Commission excuses the giving of the statutory written notice it should then re-enter the award as herein made. If it refuses to excuse the giving of the statutory written notice, it should deny the award for that reason."

The procedure outlined in Allied Materials Corporation v. Thompson, supra, is applicable to the present case. Accordingly, the award entered by the State Industrial Court is vacated and this cause is remanded to the State Industrial Court with directions to determine the issue as to whether the rights of respondents below, petitioners here, were prejudiced by the failure of claimant to give the statutory written notice.

It is so ordered.

All Justices concur.