**Charles Paul BIGGS, Petitioner,**

v.

**PRESTO LITE DIV. OF ELTRA CORP., Aetna Casualty & Surety Co., and the State Industrial Court, Respondents.**

No. 43609.

Supreme Court of Oklahoma.

Dec. 9, 1969.

Charles W. Stubbs, Oklahoma City, for petitioner.

Ross, Holtzendorff & Bond, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

McINERNEY, Justice.

This is an original proceeding to review an order of the State Industrial Court denying the petitioner, claimant below, benefits under the provisions of the Oklahoma Workmen's Compensation Act.

The facts are undisputed. Respondent permitted its employees to organize a baseball team. The games were played after working hours and off the premises of the respondent. Employees received no pay for playing baseball. Respondent furnished the equipment for the teams, also the uniforms worn by the players. The uniforms had respondent's name "Prestolite" across the front. The team was known as the "Prestolite" team and played regularly scheduled games in the Commercial League in Oklahoma City. Respondent paid the entrance fee of the team in the league.

Sometime between the hours of seven and nine o'clock on the evening of June 19, 1968, claimant was injured while playing with the Prestolite team in a regularly scheduled game at Wheeler Park in Oklahoma City.

The State Industrial Court held that the injury "did not arise out of and in the course of claimant's employment" and denied the claim of the claimant for compensation.

Baseball playing is not listed as a hazardous employment coming within the provisions of the Oklahoma Workmen's Compensation Act. 85 O.S.1961, § 2.

The identical question presented here was before this court in Slick v. Boyett, 160 Okl. 111, 16 P.2d 237. The claimant, Boyett, a member of a baseball team sponsored by respondent, Slick, was injured while practicing with the team on the premises of the respondent, and during

working hours. Respondent Slick, furnished the equipment and uniforms for the team and paid the players including Boyett their regular salary while practicing and playing baseball. There was evidence that the ability of Boyett as a baseball player was one of the controlling factors in his being employed.

The award granted Boyett was vacated on review by the Supreme Court. The facts in the Boyett case are stronger from the standpoint of the claimant than those presented in the present case. We consider the case controlling and see no reason to recede from the rule of law declared therein. Slick v. Boyett, supra, was cited with approval by this court in Greenway v. National Gypsum Company, Okl., 296 P.2d 971, although the award was sustained on other grounds.

The order of the Industrial Court denying claimant an award under the Workmen's Compensation Act is sustained.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON and HODGES, JJ., concur.