The CITY OF OKLAHOMA CITY, a
municipal corporation, Petitioner,

v.

Johnny ALVARADO and the State
Industrial Court, Respondents.

No. 45347.

Supreme Court of Oklahoma.

Feb. 27, 1973.

Roy H. Semtner, Municipal Counselor, by William D. Graves, Asst. Municipal Counselor, Oklahoma City, for petitioner.

Buck & Crabtree, by Joanna S. Sepkowitz and D. Chad Ransdell, Oklahoma City, for respondent, Johnny Alvarado.

LAVENDER, Justice:

Petitioner seeks review of an order awarding respondent compensation for permanent total disability to the body as a whole, resulting from accidental back injury. Three issues are urged as grounds for vacating the award: (1) lack of jurisdiction to enter an award since the injury did not occur in hazardous employment, there being no causal connection between firemen's required activities and respondent's injury; (2) medical evidence failed to support a claim of injury occurring in the manner alleged; (3) error of the court in failing to rule upon the issue of notice, and in not finding prejudice resulted from respondent's failure to give written notice required by 85 O.S.1971, § 24.

Respondent, long time employee of petitioner's fire department, filed Form 3 alleging accidental injury September 30, 1969. During a fire station volley ball game, respondent bent over to retrieve the ball and was struck by severe back pain and forced to stop play. Respondent finished his work shift, but made no request for medical attention, and no injury report was made by a superior and signed by respondent as required by department regulations. Although required procedure, the evidence showed the daily log book at the station did not support the claim of complete accuracy in this respect.

On October 3, 1969, respondent went to his family physician for examination and treatment, because in the past petitioner's doctors had advised respondent there was nothing wrong with his back. On that date the physician considered respondent totally disabled. Respondent paid part of this expense, the remainder being paid under petitioner's policy covering employees for sickness and non-job related injuries. In January, 1970, respondent again was examined by family doctor without positive findings other than lower back pain.

In February, 1970, respondent sought assistance from an attorney assigned to petitioner's compensation work, who testified respondent never related an injury from the volley ball game. Discussion was directed toward learning of injury subsequent to 1965, when firemen were accorded compensation coverage. Respondent was advised there was no coverage under Workmen's Compensation Act but, because of tenure, effort would be made to pay for operation if a surgeon could be found to perform surgery. Respondent agreed to undergo surgery and was referred to Dr. B. who operated and fused certain vertebrae in March, 1970, at petitioner's expense. Respondent attempted return to work after three months, was given additional three months off for further recuperation at full salary, and thereafter was placed on retirement.

Petitioner's medical evidence was directed toward showing back injury resulted from 1964 injury, and that respondent never mentioned a later injury. When respondent reported for re-examination January 15, 1971, the physician discovered a note in respondent's file reciting injury during the volley ball game. This was the physician's first notice of injury allegedly resulting from 1969 accident. Physicians reported the fusion operation as successful, without necessity for back brace and any claim of back pain grossly exaggerated;

respondent should have returned to work, there being absence of any condition supporting claim of temporary or permanent disability. Report of examination, dated August 9, 1971, denied any complaint of lower lumbar pain before or after surgery, and neither x-rays nor myelogram covering all areas of lumbar or lower thoracic region disclosed significant abnormality. Any lower lumbar complaints were something new and not from the job injury.

Respondent's medical evidence presented reports of family physician who first treated respondent, following 1964 injury for onset of acute low back pain, but did not consider surgery at that time. After last injury, his doctor examined respondent and, after series of tests, referred respondent to orthopedic surgeon. After unsuccessful conservative treatment, respondent eventually underwent surgery. Upon basis of examination subsequent to filing claim for compensation, this physician considered respondent totally permanently disabled due to chronic back injury, aggravated by accidental injury of September 30, 1969.

Another examining doctor testified respondent suffered from a chronic unstable back, chronic muscle spasm of mid-lumbar muscles, and an unstable lumbo-sacral joint which was evident result of old injury. Examination showed lumbar sprain with fracture of inner osseos vertebral ligaments which had not re-attached and healed to a strong union. These torn and relaxed ligaments allowed vertebral bodies to move and push nerves coming out of spinal cord causing muscle spasm and sprain. Chronic lumbar sprain aggravated by accident of September 30, 1969, had resulted in total permanent disability.

Petitioner first contends the court was without jurisdiction to enter an award because the alleged injury occurred while respondent was participating in a volley ball game, an activity not related to fireman's duties and not covered as hazardous employment within 85 O.S.1971, § 1 et seq. It is argued there must be a causal connection between conditions under which work is to be performed and the resulting injury.

Thus, since playing volley ball was not a risk reasonably incident to respondent's employment, there was no causal connection between conditions under which respondent was required to perform and the resulting injury. Earlier decisions in Ryan v. State Industrial Commission et al. (1927), 128 Okl. 25, 261 P. 181; Harris v. Oklahoma Natural Gas Co. (1923), 91 Okl. 39, 216 P. 116; Slick v. Boyett (1932), 160 Okl. 111, 16 P.2d 237, and text statement from 99 C.J.S, Workmen's Compensation § 221, are cited in support of this argument.

The recognized modern rule stated in Larson's Workmen's Compensation Law, Vol. 1, § 22, points out recreational and social activities are considered within course of employment when: (1) occur on the premises during lunch or recreational period as regular incident of employment; (2) employer expressly or impliedly requires participation, or makes activity part of an employee's services; (3) employer derives substantial benefit from the activity beyond intangible value of improvement in employee health and morale.

Neither the case of Biggs v. Presto Lite Div. of Eltra Corp. (1969), Okl., 462 P.2d 641 or Slick v. Boyett (1932), 160 Okl. 111, 16 P.2d 237 (the basis for the decision in Biggs) are applicable here. In Slick the employer hired the claimant primarily so that the latter could perform as a baseball player. In other words, it could be said, the work was merely incidental to the baseball playing which was not confined to periods of employer's recreation or noontime rest periods as the activity was in the case presently before us. In the Biggs case there was a distinct separation between the baseball playing of the employees—played after working hours, off the employer's premises and without pay— and the regular work of those employees. Application of the rule and reasoning to a variety of situations is found in Salt Lake City v. Ind. Comm., 104 Utah, 436, 140 P.2d 644; Winter v. Ind. Acc. Comm., 129 Cal. App.2d 174, 276 P.2d 689; Brown v. United Serv. for Air, Inc., 298 N.Y. 901, 84 N. E.2d 810.

■ Where the recreational activity is shown to be accepted (by the employer) and regularly indulged in, it may become a regular incident and a condition of the employment.

Although not stated precisely, we have applied the stated rule in Anderson & Kerr v. State Industrial Commission (1932), 155 Okl. 137, 7 P.2d 902, involving injury from casual frolicking permitted and acquiesced in by the employer; and Shoemake Station v. Stephens (1954), Okl., 277 P.2d 998.

■■ No evidence was adduced in the present case as to extent of compulsion, encouragement or permission extended petitioner's employees to engage in the questioned recreational activity. The evidence does establish, however, that volley ball was a recognized activity at the fire station, participated in by any employee desirous of playing and acquiesced in and engaged in by supervisors and superior officers. We are of the opinion recreational activity in this case was a recognized part of the employment environment and an activity which is to be considered a regular incident and condition of employment. Under 85 O.S.1971, § 2, employees of fire departments are engaged in a hazardous employment. Because engaged in hazardous employment, respondent was not required to go further and prove involvement in the volley ball game was hazardous. Hissom Memorial Center v. Robinson (1970), Okl., 477 P.2d 845.

Petitioner's second contention urges failure of medical evidence to support the award. Part of this argument is based upon isolated portions of testimony by an examining physician (Dr. R.). Reference is to answers given by this physician indicating respondent would have had to suffer a pretty good fall or blow to tear a back as loose as respondent's. Petitioner insists respondent's condition could not have been caused or aggravated by bending over while playing volley ball and, no fall having occurred, medical evidence does not support the award.

■ Conflicting medical testimony concerning cause and extent of respondent's injury has been summarized. Credibility and weight to be accorded medical witnesses is for determination of State Industrial Court. Findings of that court reasonably supported by any competent evidence are binding on the Supreme Court and will not be disturbed on Appeal. Cassidy v. Noe (1970), Okl., 471 P.2d 459. The order here reviewed is reasonably supported by competent medical evidence.

■ The final contention urges error of State Industrial Court in failing to rule upon the issue of lack of notice. Petitioner presented this issue as an affirmative defense to respondent's claim for compensation. The statute, 85 O.S.1971, § 24 requires written notice to be given within 30 days of injury. When written notice is not given and the issue is raised, it is incumbent upon State Industrial Court to make a finding excusing giving of statutory notice before proceeding to make an award. Ledford Cement Finishing Co. v. Cooks (1969), Okl., 449 P.2d 707. No finding upon the issue of notice is present in the record, and this failure constitutes error.

■ Having determined the evidence sustained the State Industrial Court finding respondent suffered permanent total disability as a result of accidental injury, this case must be determined in accordance with procedure approved heretofore. The award of the State Industrial Court is vacated and the cause remanded to that court with directions to hear and determine the issue and whether petitioner's rights were prejudiced by respondent's failure to give statutory written notice. Ledford Cement Finishing Co. v. Cooks, supra.

Award vacated with directions.

DAVISON, C. J., WILLIAMS, V. C. J., and HODGES, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., concurs in result.