The CITY OF OKLAHOMA, a Municipal Corporation, Petitioner,

v.

Eddie LINDSEY, Jr. and the State Industrial Court, Respondents.

No. 48289.

Supreme Court of Oklahoma.

April 13, 1976.

Walter M. Powell, Municipal Counselor by R. Thomas Lay, Asst. Municipal Counselor, Oklahoma City, for petitioner.

William H. Brogden, Oklahoma City, for respondents.

DOOLIN, Justice.

Respondent, claimant herein, was awarded compensation for permanent total dis-

ability resulting from heart attack, found to have been caused by excessive stress and strain during covered employment. Petitioner, denominated City, has brought this proceeding for review seeking to vacate the award and dismiss the claim.

Two contentions advanced as grounds for vacation rest entirely upon asserted lack of competent evidence to support finding of accidental injury, or disability resulting from alleged injury. A further contention urges error resulted from abuse of trial discretion in refusing City's request for appointment of an independent medical examiner. Brief summation of matters which occurred prior to claim for injury disclose background of this controversy.

Claimant, long-time member of City's fire department, first suffered attack of severe upper chest and arm pain while driving his car in May, 1968. Pain continued about a week and claimant consult- a heart specialist, who later performed an angiogram which revealed:

"* * poor myocardial contractibility of the apical portion of the left ventricle, increase in left ventricular and diastolic volume and obstructive lesions of atherosclerotic nature involving the left anterior descending artery with poor run-off beyond this point and obstruction of the right coronary artery with a very poor curcumflex artery with diffuse disease being present."

The physician prescribed heart medication to expand vessels and thin claimant's blood and approximately three months later claimant returned to work. In 1973, claimant suffered pulmonary embolus following venous stripping of the left leg, but recovered without incidence. Within five years following 1968, claimant eventually discontinued medication but remained asymptomatic, other than 1973 episode, worked regularly although not performing heavy duties, and attained rank of captain. Claimant testified, however, during this period he suffered intermittent chest pain.

While dragging a hose during a fire on July 25, 1974, claimant was stricken by severe chest and left arm pains, and was forced to lie down and rest until pain subsided. Claimant worked one more day, and on July 27th went to Adams-Lester Clinic for examination by Dr. L. who administered treatment for muscle strain of neck and shoulder. The record contains no report from Dr. L., although claimant testified an electrocardiogram was performed. This physician referred claimant to Dr. F., who took claimant's history, diagnosed trouble as muscle strain injury to back, shoulder and chest, and hospitalized claimant for nine days of conservative treatment. Although hospital records in evidence disclose a further electrocardiogram was taken, the record contains no medical report from Dr. F. In both instances mentioned claimant was advised only that these tests were within normal limits.

After release from the hospital claimant felt better, although consistent chest pain continued. Claimant did not work after July 27, 1974, and subsequently was placed on disability retirement after separate examinations from three physicians. Each found claimant suffering from arteriosclerotic heart disease with coronary involvement. Each reported claimant was permanently, totally disabled and should be medically retired.

Also in evidence was an extended report of Dr. W. W. R., based on examination just prior to hearing. This doctor acknowledged possibility of heart condition due to coronary artery disease, but reported a normal electrocardiogram. It was unusual claimant had such extensive coronary vascular disease and still had done so well over six years, without the doctor finding objective evidence of disease when examined. Either claimant had an unexplained remarkable recovery, or condition was not as bad as thought when first discovered. The doctor agreed with physicians (Drs. L. & F.) who reported claimant had suffered muscle strain at time of injury. When examined claimant still was improving from this injury and no

disability would result. This injury in no way involved claimant's heart.

Contentions advanced in relation to asserted insufficiency of competent evidence to support findings of injury, and lack of competent medical evidence, rest entirely upon City's interpretation of weight and quality of the evidence. City claims this analysis not only displays lack of competent evidence, but also discloses there was no competent evidence except that introduced by City. The entire argument wholly disregards settled principles which govern review of workmen's compensation cases.

Conflicting evidence never is weighed in order to determine weight and credibility thereof. The record is reviewed only to ascertain whether trial court determination of issues as to cause and extent of disability is supported by any competent evidence. *Howey v. Babcock & Wilcox Co.* (Okl.) 516 P.2d 821; *Goombi, etc. v. Trent* (Okl.) 531 P.2d 1363. Existence of record evidence from which the trial court could have reached a contrary conclusion is immaterial under principles governing review of State Industrial Court findings of fact. *Riley v. Cimarron-Empire Const. Co.* (Okl.) 420 P.2d 550.

Ample medical evidence in this record unequivocally establishes claimant's total disability from coronary involvement. Extent of disability having been established, the issue is whether there is any competent medical evidence to support the trial court adjudication as to cause of disability.

Sufficiency of claimant's medical evidence, adduced by deposition testimony of Dr. A., is attacked as so indefinite, equivocal, ambiguous, and inconsistent as to require vacation of the award, upon authority of *Glaspy v. Dickerson* (Okl.) 350 P.2d 939, and similar decisions. City insists this evidence is totally lacking in probative value because there is no foundation for the opinion claimant sustained injury to his heart.

Specific complaints charge Dr. A. is only a general practitioner, as opposed to heart specialists who examined for City. Further, Dr. A. made only a brief examination, and admittedly relied upon history and other physicians' diagnoses. Beyond claimant's history, occurrence of chest pains and recognition of claimant's obesity and tortuosity of blood vessels made no subjective findings of heart injury. Chest x-rays were negative and electrocardiogram was within normal limits. Although Dr. A. originally stated that chest pain would not be sufficient basis for ultimate diagnosis, the basis of medical opinion of heart injury was history of chest pain.

The doctor stated his opinion, in view of claimant's history, the accident of July 27, 1974 precipitated a change in claimant's cardiovascular history. This opinion was not based entirely upon the immediate event, but took into account the exertion pulling the hose and resulting chest pain, considering also the general physical condition and suspected cardiovascular disease. Although heart injury was not apparent from tests administered, past history and other physicians' reports coupled with claimant's activity and complaints at that time was the basis for Dr. A.'s opinion claimant sustained a heart injury at a given time.

We have defined "competent evidence" as evidence which is relevant and material to the issue to be determined. *Joseph H. Coy Co., Inc. v. Younger,* 192 Okl. 348, 136 P.2d 890. In this decision it was contended the evidence was inconsistent and contradictory and insufficient to satisfy the rule requiring findings of fact to be supported by competent evidence. The decision noted evidence relating to cause and extent of disability was contradictory, inconsistent and conflicting in some respects, but was relevant and material to the issue to be determined and therefore competent.

In *Skelly Oil Co. v. Rose,* 176 Okl. 313, 55 P.2d 1019, a claimant's medical evidence was attacked because the doctors

were not specialists. We pointed out a layman could determine occurrence of accidental injury without medical advice, truthfulness of his statement being for the trier of facts. Undeniably a doctor may consider history given by a patient, especially where facts constituting the history are supported by sworn testimony. No rule of law could be declared which would compel the fact finding body to disregard a general practitioner's testimony merely because opposed by that of a specialist.

■ In *Okla. Furn. Mfg. Co. v. Washington*, 180 Okl. 381, 70 P.2d 69, it was contended claimant's medical evidence was incompetent and should be rejected, because predicated largely upon history given by claimant, and the only competent medical evidence was that given by respondent's specialists. This contention was denied upon authority of Rose, supra. Factual basis of this case is analagous to those appearing in the present review. Medical evidence was in accord as to extent of disability, but disagreed as to cause of disability. The employer's evidence established existence of tubercular condition prior to injury. Claimant's medical evidence attributed disability to aggravation or inducement of disability by the injury.

> "The record shows that the claimant had apparently been in reasonably good health prior to the date of his injury with the exception of occasional colds, and that within a few weeks after the injury he became totally and permanently disabled. We are of the opinion that the medical testimony offered by both parties when considered in the light of the facts surrounding the claimant's disability was sufficient to support the finding of the commission and that there was no error in the finding made."

Also see *Drinkwater v. Orkin Exterminating Co.* (Okl.) 361 P.2d 834, which applied reasoning in above decisions as determinative of the same arguments.

■ The final contention asserts the trial court's refusal to grant City's request

for appointment of an independent examining physician was an abuse of discretion which requires vacation of the award of compensation. City recognizes requests for independent medical examination rest within discretion of the trial court by statute and past decisions. See 85 O.S. 1971 §§ 25, 27.1; *Kansas Explorations, Inc. v. Utton*, 199 Okl. 159, 185 P.2d 439; *Yarbro Const. Co. v. Griffith* (Okl.) 521 P.2d 75; *Groendyke Transports, Inc. v. Willson* (Okl.) 527 P.2d 1364.

The argument, however, asserts the unique circumstances and the radical disparity between medical evidence offered by the parties made refusal of the request an abuse of discretion and prejudicial to defense of the claim. City points to cumulative testimony of three physicians who attributed claimant's condition to muscle strain, an orthopedic surgeon and an internist, none of whom reported disability from a heart attack, or considered a job related injury. And, complaint also concerns the court's consideration of medical reports which examined for purpose of disability retirement, without reference to ability to perform manual labor. In *Willson*, supra prejudicial error was claimed upon denial of request for appointment of independent physician. The claim was made upon grounds great disparity existed between claimant's medical evidence and that offered by respondent's specialists, together with other evidence concerning claimant's condition. The argument was denied upon authority of *Drinkwater v. Orkin Exterminating Co.*, supra.

■ In the latter case the disparity in medical evidence was between that tendered by the parties, coupled with evidence from respondent's specialists that claimant was hysterical or a malingerer. In the present review the claimed disparity results from evidence which either found no disablement, or other evidence that total disability resulted from coronary disease and not from injury. The disparity pointed out concerns cause of disability and not extent, since three of City's specialists

agreed claimant was totally disabled, but disagreed as to cause. The difference in medical evidence as to cause presented a question for trial court determination. There was ample competent medical evidence from which the trial court could make a determination. It does not appear examination by an independent physician would have provided a more salutory basis for consideration of cause of disability, particularly since State Industrial Court can refuse to give credence to any portion of evidence which is considered unworthy of belief. Denial of request for appointment of an independent medical examiner was not an abuse of discretion.

AWARD SUSTAINED.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., dissents.