**Donnie Ray GUYNES,
Respondent-Claimant,**

**v.**

**DECKER FOUNDRY COMPANY,
INC., Petitioner,**

**Select Insurance Company, Insurance
Carrier.**

**No. 49103.**

Supreme Court of Oklahoma.

Feb. 8, 1977.

Dale F. Whitten, Whitten, McDaniel, Osmond, Goree & Davies, Tulsa, for petitioner.

Bell & Bell, Seminole, for respondent-claimant.

IRWIN, Justice:

A trial judge found claimant, on January 27, 1975, had sustained an accidental injury consisting of "chronic bronchitis and fibrosis to his lungs", and that "the defense of Statute of Limitations is denied because of not being timely pled * * *." The order awarded compensation for permanent partial disability (30%) to the body as a whole. This award was affirmed on an en banc appeal and petitioners (respondents) seek review and vacation of the award.

The evidence discloses that claimant had worked for respondent approximately seven years. Nearly two years before the claim was filed, claimant had an onset of breathing difficulties which required hospitalization. There is evidence tending to establish that this hospitalization was work related. Approximately six months prior to the filing of the claim, claimant was again hospitalized.

Claimant offered the medical report of Dr. W.C.M., stating claimant was suffering chronic bronchitis and fibrosis of lungs resulting in 40% permanent partial disability to body as a whole. Disability was directly attributable to prolonged exposure to chemicals and dust prior to January 27, 1975. Respondents did not object to this medical report when offered in evidence, and

waived right to cross-examine reporting physician.

We will first consider respondents' contention concerning the Statute of Limitations and the finding by the trial judge that "the defense of Statute of Limitations is denied because of not being timely pled * * *." Respondent argues that the defense was timely pled and the claim was barred by limitations.

Claimant's claim was filed on March 5, 1975, and states: "Date of 'Last Exposure' January 27, 1975." This claim as filed must be construed as a claim for an occupational disease as distinguished from a claim for an accidental injury. This is so because in claims for an occupational disease notice must be given "within eighteen (18) months from date of last hazardous exposure or within three (3) months following the claimant's disablement to which he attributes the cause to be an occupational disease"; and in claims for accidental injury notice must be given "within thirty (30) days after injury." 85 O.S.1971, § 24. In *AMF Tubescope Company v. Hatchel*, Okl., 547 P.2d 374 (1976), we construed § 24, supra, in connection with the limitations statute [85 O.S.1971, § 43] and concluded that the notice provisions of § 24 are also the limitation provisions for an occupational disease. However, the one (1) year limitations after injury prescribed by § 43 is applicable to claims for accidental injury.

Upon the trial judge's inquiry at the opening of the hearing claimant's counsel stated that the claim would be tried as an accidental injury. By amending his claim from a claim for an occupational disease to a claim for an accidental injury, a different period of time for giving notice of the injury and a different statute of limitations became applicable. After the amendment and testimony was introduced that would tend to establish the claim may have been barred by limitations, respondent moved to amend his answer to include the affirmative defense of limitations. Objections were made and on review is the finding that the defense of limitations was not timely pled.

■ Claimant, in effect, amended his claim on the date of hearing from claiming a disability due to an occupational disease to a disability due to an accidental injury. The limitations period of the two claims are entirely different and respondent was entitled to amend his answer to meet the different claim. The trial court erred in its finding that "the defense of limitations was not timely pled." Whether or not limitations barred the claim may be presented on remand.

Respondent also contends the award is not sustained by any competent evidence, and the cause must be reversed on the failure of the court to properly dispose of the issue relating to failure to give notice.

■ The cause and extent of disability caused by accidental injury must be established by testimony of skilled professional persons. *Groendyke Transport, Inc. v. Willson*, Okl., 527 P.2d 1364. Medical evidence offered by claimant did not relate disability to accidental injury on January 27, 1975, as alleged. Absent expert medical proof upon which to base an award same will be vacated on review. *Glaspey v. Dickerson*, Okl., 350 P.2d 939.

■■ Respondent's answer placed in issue claimant's failure to give required statutory notice. Where issue is raised as to lack of written notice, a finding must be made excusing failure to give notice as prerequisite to entering an award. *Wood v. Okla. Osteopathic Hospital*, Okl., 512 P.2d 135; State Industrial Court Rule 10. The order reviewed disclosed omission of the requisite finding, which constitutes error. *Okla. City v. Alvarado*, Okl., 507 P.2d 535.

The award is vacated and cause remanded for further proceedings in accordance with views herein expressed.

All the Justices concur.